DEZ/mjl/1797247
TA-16-08-02-01-001
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -x
LUISA JANSSEN HARGER DA SILVA,

                  Plaintiff,            No. 17-CV 04550-FB-CLP

      -against-             **ANSWER OF**
                             **NEW YORK CITY TRANSIT,**
NEW YORK CITY TRANSIT AUTHORITY,    **AUTHORITY, METROPOLITAN**
METROPOLITAN TRANSPORTATION AUTHORITY  **TRANSPORTATION AUTHORITY**
and RAQIA SHABAZZ,            **and RAQIA SHABAZZ**

                Defendants.
- - - - - - - - - - - - - - - - - - - -x

     Defendants, NEW YORK CITY TRANSIT AUTHORITY,
METROPOLITAN TRANSPORTATION AUTHORITY, and RAQIA SHABAZZ, for
their answer to the complaint of the plaintiff herein:

### INTRODUCTION

     Deny, upon information and belief, each and every
allegation contained within the complaint's Introduction, if a
response to that Introduction was required.

### NATURE OF THE ACTION

     1.  Deny, upon information and belief, each and every
allegation contained in paragraph of the complaint numbered 1.

     2.  Deny, upon information and belief, each and every
allegation contained in paragraph of the complaint numbered 2.

### JURISIDICTION AND VENUE

3.    Deny that they have any knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph of the complaint numbered 3.

4.    Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 4.

5.    Admit, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 5.

6.    Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 6.

7.    Admit, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 7.

8.    Admit, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 8.

9.    Deny that they have any knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph of the complaint numbered 9.

10.    Deny that they have any knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph of the complaint numbered 10.

11.    Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 11 except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

12.   Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 12 except admit that plaintiff purports to invoke the venue as stated therein.

13.   Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 13.

## THE PARTIES

14.   Deny that they have any knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph of the complaint numbered 14.

15.   Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 15.

16.   Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 16.

17.   Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 17 except admit that the defendant RAQIA SHABAZZ was a resident of the State of New York and was the operator of the northbound "B" train at the time alleged in the Complaint.

18.   Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 18, 19, 20, 21 and 22 except admit that a certain paper purporting to be a notice of claim was received by the office of the defendants NEW YORK CITY TRANSIT AUTHORITY and METROPOLITAN TRANSPORTATION

AUTHORITY within ninety days of the alleged occurrence herein; that more than thirty days elapsed since receipt thereof and said matter remains unadjusted and unpaid; that less than one year and ninety days has elapsed from the alleged happening of the occurrence herein until the commencement of this action; and that a statutory hearing was held.

### FACTS PRESENTED

19.   Deny that they have any knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph of the complaint numbered 23.

20.   Deny that they have any knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph of the complaint numbered 24.

21.   Deny that they have any knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph of the complaint numbered 25.

22.   Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 26 except admit that at all times mentioned in the complaint that defendant NEW YORK CITY TRANSIT AUTHORITY by operation of law operates and maintains a subway system in the City of New York, which included a station designated as the Atlantic Avenue Subway Station on the "B" line in the County of Kings, City and State of New York.

23. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 27 except admit that at all times mentioned in the complaint that defendant NEW YORK CITY TRANSIT AUTHORITY by operation of law operates and maintains a subway system in the City of New York, which included a station designated as the Atlantic Avenue Subway Station on the "B" line in the County of Kings, City and State of New York.

24. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 28.

25. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 29 except admit that at all times mentioned in the complaint that defendant NEW YORK CITY TRANSIT AUTHORITY by operation of law operates and maintains a subway system in the City of New York, which included a station designated as the Atlantic Avenue Subway Station on the "B" line in the County of Kings, City and State of New York.

26. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 30 except admit that at all times mentioned in the complaint that defendant NEW YORK CITY TRANSIT AUTHORITY by operation of law operates and maintains a subway system in the City of New York, which included a station designated as the Atlantic Avenue Subway

Station on the "B" line in the County of Kings, City and State of New York.

27.  Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 31.

28.  Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 32 except admit that at all times mentioned in the complaint that defendant NEW YORK CITY TRANSIT AUTHORITY by operation of law operates and maintains a subway system in the City of New York, which included a station designated as the Atlantic Avenue Subway Station on the "B" line in the County of Kings, City and State of New York.

29.  Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 33.

30.  Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 34.

31.  Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 35.

32.  Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 36.

33.  Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 37.

34.  Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 38.

35.   Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 39.

36.   Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 40 except admit that at all times mentioned in the complaint that defendant NEW YORK CITY TRANSIT AUTHORITY by operation of law operates and maintains a subway system in the City of New York, which included a station designated as the Atlantic Avenue Subway Station on the "B" line in the County of Kings, City and State of New York.

37.   Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 41 except admit that at all times mentioned in the complaint that defendant NEW YORK CITY TRANSIT AUTHORITY by operation of law operates and maintains a subway system in the City of New York, which included a station designated as the Atlantic Avenue Subway Station on the "B" line in the County of Kings, City and State of New York.

38.   Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 42 except admit that at all times mentioned in the complaint that defendant NEW YORK CITY TRANSIT AUTHORITY by operation of law operates and maintains a subway system in the City of New York, which included a station designated as the Atlantic Avenue Subway

Station on the "B" line in the County of Kings, City and State of New York.

39.    Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 43.

40.    Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 44 except admit that at all times mentioned in the complaint that defendant NEW YORK CITY TRANSIT AUTHORITY by operation of law operates and maintains a subway system in the City of New York, which included a station designated as the Atlantic Avenue Subway Station on the "B" line in the County of Kings, City and State of New York.

41.    Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 45 except admit that at all times mentioned in the complaint that defendant NEW YORK CITY TRANSIT AUTHORITY by operation of law operates and maintains a subway system in the City of New York, which included a station designated as the Atlantic Avenue Subway Station on the "B" line in the County of Kings, City and State of New York.

42.    Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 46 except admit that at all times mentioned in the complaint that defendant NEW YORK CITY TRANSIT AUTHORITY by operation of law

operates and maintains a subway system in the City of New York, which included a station designated as the Atlantic Avenue Subway Station on the "B" line in the County of Kings, City and State of New York.

43. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 47.

44. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 48.

45. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 49.

46. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 50.

47. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 51.

48. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 52.

49. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 53.

50. Admit, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 54.

51. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 55.

52. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 56

except admit that, on August 2, 2016, defendant RAQIA SHABAZZ was operating a northbound "B" train with the permission, knowledge and consent, and within the scope of her employment with defendant NEW YORK CITY TRANSIT AUTHORITY.

53.  Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 57.

54.  Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 58 except admit that at all times mentioned in the complaint that defendant NEW YORK CITY TRANSIT AUTHORITY by operation of law operates and maintains a subway system in the City of New York, which included a station designated as the Atlantic Avenue Subway Station on the "B" line in the County of Kings, City and State of New York.

55.  Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 59.

56.  Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 60.

57.  Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 61.

58.  Deny that they have any knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph of the complaint numbered 62.

## AS AND FOR A FIRST CAUSE OF ACTION
## NEGLIGENCE IN THE OPERATION OF THE SUBWAY TRAIN

59.  Answering paragraph numbered 63 of the complaint, defendants, NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY and RAQIA SHABAZZ, repeat and reiterate each and every denial heretofore made herein with the same force and effect as though fully set forth herein.

60.  Deny that they have any knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph of the complaint numbered 64.

61.  Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 65.

62.  Deny that they have any knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph of the complaint numbered 66.

63.  Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 67.

64.  Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 68.

65.  Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 69.

66.  Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 70 except admit that on August 2, 2016, the operator and conductor on

11

the aforementioned northbound "B" train  were employed by defendant NEW YORK CITY TRANSIT AUTHORITY.

67.  Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 71.

68.  Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 72.

69.  Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 73.

70.  Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 74.

71.  Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 75.

72.  Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 76.

73.  Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 77.

74.  Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 78.

75.  Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 79.

76.  Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 80 and refer all questions of law to this Honorable Court.

77.   Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 81 and refer all questions of law to this Honorable Court.

78.   Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 82 and refer all questions of law to this Honorable Court.

79.   Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 83.

80.   Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 84.

81.   Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 85.

82.   Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 86.

83.   Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 87.

84.   Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 88.

85.   Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 89.

86.   Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 90 except admit that at all times mentioned in the complaint defendant

NEW YORK CITY TRANSIT AUTHORITY performed an investigation into the alleged accident.

87. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 91 except admit that at all times mentioned in the complaint defendant NEW YORK CITY TRANSIT AUTHORITY performed an investigation into the alleged accident.

88. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 92.

89. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 93.

90. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 94.

91. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 95.

92. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 96.

93. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 97.

94. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 98.

95. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 99.

96.   Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 100.

97.   Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 101.

## AS AND FOR A SECOND CAUSE OF ACTION
### NEGLIGENCE IN THE OWNERSHIP,
### MAITENANCE, AND DESIGN OF THE PLATFORM EDGE

98.   Answering paragraph numbered 102 of the complaint, defendants, NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY and RAQIA SHABAZZ, repeat and reiterate each and every denial heretofore made herein with the same force and effect as though fully set forth herein.

99.   Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 103.

100.  Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 104.

101.  Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 105.

102.  Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 106.

103.  Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 107.

104.  Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 108.

105. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 109.

106. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 110.

107. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 111.

108. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 112.

109. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 113.

110. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 114.

111. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 115.

112. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 116.

113. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 117 and refer all questions of law to this Honorable Court.

114. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 118.

115. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 119.

116. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 120.

117. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 121.

118. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 122.

119. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 123.

120. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 124.

121. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 125.

122. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 126.

123. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 127.

124. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 128.

### AS AND FOR A THIRD CAUSE OF ACTION
### NEGLIGENCE IN FAILING TO COMMUNICATE
### WITH THE TRAIN OPERATOR

125. Answering paragraph numbered 129 of the complaint, defendants, NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY and RAQIA SHABAZZ, repeat and reiterate

each and every denial heretofore made herein with the same force and effect as though fully set forth herein.

126. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 130.

127. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 131.

128. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 132.

129. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 133.

130. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 134.

131. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 135.

132. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 136.

133. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 137.

### AS AND FOR A FOURTH CAUSE OF ACTION
### NEGLIGENCE IN THE MAINTENANCE
### OF THE TRAIN AND PLATFORM

134. Answering paragraph numbered 138 of the complaint, defendants, NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY and RAQIA SHABAZZ, repeat and reiterate

each and every denial heretofore made herein with the same force and effect as though fully set forth herein.

135. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 139.

136. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 140.

137. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 141.

138. Deny, upon information and belief, each and every allegation contained in paragraph of the complaint numbered 142.

        **FOR A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSE(S) OF ACTION OF PLAINTIFF AND IN DIMINUTION OF DAMAGES, DEFENDANTS, NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY and RAQIA SHABAZZ, ALLEGE(S), UPON INFORMATION AND BELIEF:**

139. That whatever injuries or damages the plaintiff may have sustained at the time and place mentioned in the complaint, were caused, in whole or in part, by the culpable conduct of the said plaintiff, said culpable conduct having contributed thereto.

140. The amount of damages recovered, if any, shall therefore be diminished in the proportion which the said culpable conduct attributable to plaintiff, bears to the culpable conduct which caused the said damages.

> **FOR A SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSE(S) OF ACTION OF PLAINTIFF AND IN DIMINUTION OF DAMAGES, DEFENDANTS, NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY and RAQIA SHABAZZ, ALLEGE(S), UPON INFORMATION AND BELIEF:**

141. Any award for recovery of the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss claimed by plaintiff shall be reduced to the extent that any such cost or expense was or will with reasonable certainty be replaced or indemnified from any collateral source pursuant to CPLR 4545.

> **FOR A THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSE(S) OF ACTION OF PLAINTIFF, DEFENDANTS, NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY and RAQIA SHABAZZ, ALLEGE(S), UPON INFORMATION AND BELIEF:**

142. That whatever injuries the plaintiff may have sustained at the time and place mentioned in the complaint, were caused, in whole or part, by the culpable conduct including but not limited to assumption of risk, if applicable, of the said

plaintiff, said conduct having contributed thereto of the said plaintiff, said culpable conduct having contributed thereto.

143. The amount of damages recovered, if any, shall therefore be diminished in the proportion which the said culpable conduct including but not limited to assumption of risk, if applicable attributable to the plaintiff bears to the culpable conduct which caused the said damages.

> **FOR A FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSE(S) OF ACTION OF PLAINTIFF AND IN DIMINUTION OF DAMAGES, DEFENDANT, NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY and RAQIA SHABAZZ, ALLEGE(S), UPON INFORMATION AND BELIEF:**

144. Plaintiff violated a Statutory standard of care in that she was, at the time of her accident, in violation of Section 83 of the Railroad Law and such violation was a proximate cause of her injuries.

> **FOR A FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSE(S) OF ACTION OF PLAINTIFF AND IN DIMINUTION OF DAMAGES, DEFENDANT, NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY and RAQIA SHABAZZ, ALLEGE(S), UPON INFORMATION AND BELIEF:**

145. Defendants' employee was confronted by an emergency not of his/her own creation and defendant therefore is relieved of liability.

FOR A SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSE(S) OF ACTION OF PLAINTIFF AND IN DIMINUTION OF DAMAGES, DEFENDANT, NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY and RAQIA SHABAZZ, ALLEGE(S), UPON INFORMATION AND BELIEF:

146. Plaintiff's action must be dismissed as the NEW YORK CITY TRANSIT AUTHORITY and METROPOLITAN TRANSPORTATION AUTHORITY are public benefit corporations, and, to the extent they provide mass transportation to the citizens of New York, perform a governmental function. Accordingly, their decisions are shielded from suit, in whole or in part, by the doctrines of governmental function immunity, qualified immunity, judicial immunity, or any combination of these doctrines.

FOR A SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSE(S) OF ACTION OF PLAINTIFF AND IN DIMINUTION OF DAMAGES, DEFENDANT, NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY and RAQIA SHABAZZ, ALLEGE(S), UPON INFORMATION AND BELIEF:

147. Defendants state that plaintiff failed to take any or sufficient action, or such action as was necessary, to mitigate or minimize the injuries and damages alleged or the conditions that allegedly gave rise to those purported injuries or damages.

> FOR A EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSE(S) OF ACTION OF PLAINTIFF AND IN DIMINUTION OF DAMAGES, DEFENDANT, NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY and RAQIA SHABAZZ, ALLEGE(S), UPON INFORMATION AND BELIEF:

148. Plaintiff has failed to comply with the provisions of Section 1212 of the Public Authorities Law of the State of New York, in that she failed to state a cause of action against defendant METROPOLITAN TRANSPORTATION AUTHORITY.

> FOR A NINTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSE(S) OF ACTION OF PLAINTIFF AND IN DIMINUTION OF DAMAGES, DEFENDANT, NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY and RAQIA SHABAZZ, ALLEGE(S), UPON INFORMATION AND BELIEF:

149. Plaintiff has failed to comply with the provisions of Section 1212 of the Public Authorities Law of the State of New York, in that she failed to serve a notice of claim within the prescribed time herein on defendant RAQIA SHABAZZ.

WHEREFORE, defendants NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY and RAQIA SHABAZZ, demand judgment dismissing the complaint of the plaintiff with costs.

Yours, etc.,

LAWRENCE HEISLER
Attorney for Defendants
Office and Post Office Address
NEW YORK CITY TRANSIT AUTHORITY,
METROPOLITAN TRANSPORTATION AUTHORITY
AND RAQIA SHABAZZ
130 Livingston Street
Brooklyn, New York 11201
Telephone No.: (718)694-3829

BY: _____
DENISE FURIANO ROZZA, ESQ.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LUISA JANSSEN HARGER DASILVA,

                              Plaintiff,

                -against-

NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN TRANSPORTATION
AUTHORITY AND RAQIA SHABAZZ,

                              Defendant.
------------------------------------------------------------X

**ANSWER OF
NEW YORK CITY TRANSIT AUTHORITY,
METROPOLITANT TRANSPORTATION AUTHORITY
AND RAQIA SHABAZZ**

------------------------------------------------------------X

LAWRENCE HEISLER
Attorney(s) for defendant
NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN TRANSPORTATION
AUTHORITY AND RAQIA SHABAZZ
Office and Post Office Address
130 Livingston Street
Brooklyn, New York   11201
(718) 694-3829

ATTORNEY CERTIFICATION

DENISE FURIANO ROZZA, ESQ.