# SMITH MAZURE

ATTORNEYS AT LAW

Smith Mazure Director Wilkins Young & Yagerman, P.C.

| **Long Island Office:** | | **New Jersey Office:** |
|---|---|---|
| 200 Old Country Road, Suite 590 | 111 John Street | 92 East Main Street, Suite 402 |
| Mineola, New York 11501 | New York, New York 10038 | Somerville, New Jersey 08876 |
| (516) 414-7400 | (212) 964-7400 | (908) 393-7300 |
| (516) 294-7325 Fax | Fax (212) 374-1935 | Fax (908) 231-1030 |

*Writer's Direct Dial:* (212) 485-8768
mraicus@smithmazure.com

*Please Respond to:*
New York, NY

May 8, 2018

**VIA FAX – (212) 532-3801**

Roth & Roth, LLP
192 Lexington Avenue, Suite 802
New York, NY 10016

Re: Luisa Janssen Harger Da Silva v. New York City Transit Authority, Metropolitan Transportation Authority and Raqia Shabazz
D/L        : August 2, 2016
Our File   : NYCTA-00547
Docket #   : 1:17-CV-04550-FB-VMS

Dear Mr. Roth:

We are in receipt of Plaintiff's First Request for Production of Documents, dated April 12, 2018. Please be advised that Defendants object to your Rule 34 demand on the grounds set forth hereinbelow.

However, most of Plaintiff's requests go to the Defendants' qualified immunity defense, which Magistrate Judge Vera M. Scanlon addressed separately and established different deadlines for fact discovery and discovery that pertains to the defendants' immunity defense. This correspondence is forwarded as Defendants' good faith attempt to resolve their objections to Plaintiff's First Request for Document Production, in accordance with the Rules of Magistrate Judge Vera M. Scanlon.

Defendants are forwarding correspondence to Judge Vera M. Scanlon to request an extension of time to provide documents other than those that are attached hereto, as security review and clearance is required for release of certain Transit Authority documents.

Roth & Roth, LLP
Page 2
May 8, 2018

## OBJECTIONS

**Introduction:** Defendants' production of the requested documents is contingent upon Plaintiff's counsel's execution of a Confidentiality Agreement, by which Plaintiff's counsel agrees that the Defendants' documents will not be published, distributed or provided at any NYSTLA or other bar association seminars or continuing legal education courses, in any form, including DVD, CD or printed hard copy.

Defendants request withdrawal or modification of Plaintiffs' Requests for Document Production on the basis of the following objections:

**I.    Employee and Training Manuals:** Defendants object to Plaintiff's demand for Employee and Training Manuals which are not discoverable pursuant to Tangalin v. MTA Long Island Bus, 92 AD3d 766, 938 NYS2d 338 (2d Dept. 2012). Defendants, however, agree to produce the Table of Contents for the pertinent Employee and Training Manuals for review and will then limit production of the contents of said Employee and Training Manuals to those sections applicable to the Plaintiff's causes of action and that do not include security sensitive materials.

**Defendants object to:**

Request No. 5

Request No. 5A - None, as there was no Event Data Recorder for the subject subway train.

Request No. 14 – Without waiving this objection, On May 8, 2018, via regular mail, Defendants served Plaintiff's counsel with the Train Operator Induction Manual Table of Contents. Defendants, however, agree to produce the Table of Contents for the pertinent Employee and Training Manuals for review and will then limit production of the contents of said Employee and Training Manuals to those sections applicable to the Plaintiff's causes of action and that do not include security sensitive materials.

**II.    Employee Rules and Regulations:** Defendants object to Plaintiffs demand for Employee Rules and Regulations as overbroad. Defendants agree to produce the Table of Contents to the pertinent Employee Rules and Regulations and will then limit production of the contents of the Employee Rules and Regulations to those sections that are applicable to the Plaintiff's causes of action and that do not include security sensitive materials.

**Defendants object to:**

Request No. 3 -

Request No. 5

Roth & Roth, LLP
Page 3
May 8, 2018

      Request No. 5A - None, as there was no Event Data Recorder for the subject subway train.

      Request No. 13 - Without waiving this objection, On May 8, 2018, via regular mail, Defendants served Plaintiff's counsel with the Employee Rules & Regulations Table of Contents Defendants agree to produce the Table of Contents to the pertinent Employee Rules and Regulations and will then limit production of the contents of the Employee Rules and Regulations to those sections that are applicable to the Plaintiff's causes of action and that do not include security sensitive materials

      Request No. 14 - Without waiving this objection, On May 8, 2018, via regular mail, Defendants served Plaintiff's counsel with the Employee Rules & Regulations Table of Contents Defendants agree to produce the Table of Contents to the pertinent Employee Rules and Regulations and will then limit production of the contents of the Employee Rules and Regulations to those sections that are applicable to the Plaintiff's causes of action and that do not include security sensitive materials.

      Request No. 24

      Request 48

      **III.**    **Materials, Documents and Information Inclusive of the Entire New York City Subway System or Portions of the System That Are Outside of the Atlantic Avenue Station Or Pertain to Equipment Not Involved In This Accident**– Defendants object on the ground that these demands seek information that is highly sensitive and raises security concerns. Dissemination of details of the layout and equipment in stations other than Atlantic Avenue greatly enhances the potential for a terrorist attack. See, Rankin v. Metropolitan Transportation Authority, 2010 NY Slip Op 3216 (1).

**Defendants object to:**

      Request No. 4

      Request No. 7 – Responsive documents were provided to the Plaintiff in Defendants' Rule 26(a)(1) Initial Disclosure on February 26, 2018 (Document 27) and attachments. Defendants object to this request for document production to the extent that it requests documents that depict "the previous station for the one mile leading up to the station...." as security sensitive.

      Request No. 11

      Request No. 12

Request No. 21- There are no documents known that correspond to Request No. 21. Defendants reserve the right to supplement this response, without waiving and subject to objections.

Request No. 26

Request No. 31

Request No. 32

Request No. 33

Request No. 33A

Request No. 36

Request No. 36A

Request No. 41

Request No. 42

Request No. 43

**IV.     Materials and Documents That Are Available As A Matter Of Public Record**: Defendants are not obligated to produce public records that may be independently obtained by plaintiff. See, Benson v. Murr, 23 AD2de 756, 756 (1965); Donnelly v. Nassau County, 46 Misc.2d 895, 896 (1965); Berk v. Long Is. Bus, 33 Misc.3d 1213(A), Nassau County Supreme Court.

**Defendants object to:**

Request No. 2 – Discs that contain the recordings requested by Plaintiff were personally served on Plaintiff's counsel on March 23, 2018 (Document 31). Recordings from NYPD, FDNY and the 911 system are available as a matter of public record and Defendants are not obligated to provide additional public records to Plaintiff.

Request No. 15

Request No. 15A

Request No. 22 – Defendants have provided a copy of the PTSB report pertaining to the subject incident on May 8, 2018 in their Responses to Plaintiff's First Request for Document Production dated April 5, 2018.

Roth & Roth, LLP
Page 5
May 8, 2018

Request No. 28 – Upon information and belief, there are no other "Customer Contact Train Incident Power Point Presentation or Reports similar to the 2013 Customer Contact with Train Report" that Plaintiff independently obtained through the internet.

Request No. 45

**V.     Accident Reports and Employee Records That Predate The Accident** – These documents are not discoverable, Schonbrun v. Deluke, 2018 WL 1629626 (3d Dept. 2018); Durrisaw v. Strong Memorial Hospital, 74 AD3d 1769, aff'd 16 NY3d 729; Cheng Feng Fong v. NYCTA, 83 AD3d 642, 643, 919 NYS2d 874 (2011).

**VI.     The Deliberative Process Privilege** – statistical compilations, surveys and raw material are not discoverable when these materials are predecisional and deliberative, Marisol A., 1998 WL 132810, at 6. Documents are predecisional when prepared to aid the decision maker in arriving at a decision or policy.   See, Martin v. New York City Transit Authority, 148 F.R.D. 56 (U.S.D.C. EDNY 1993); Winfield v. City of New York, 2018 WL 716013, at 4 (SDNY, Feb. 1, 2018).

**Defendants object to:**

Request No. 1(a) and (b).   Documents responsive to Request No. 1 were provided to Plaintiff on February 26, 2018 (Document 27) and attachments.

Request No. 6

Request No. 11

Request No. 12

Request No. 18 - Defendants provided a copy of the Stopping Distance Chart specific to the Atlantic Avenue Station, for the accident date on February 26, 2018 in the Defendants' Rule 26(a)(1) Initial Disclosure (Document 27 and attachments).

Request No. 19

Request No. 20  - Defendants have provided a copy of the Train Operator's Induction Manual with pertinent pages of the Acceleration and Jerk rate for the subject train on May 8 , 2018 in their Responses to Plaintiff's First Request for Document Production dated April 5, 2018.

Request No. 21- There are no documents known that correspond to Request No. 21. Defendants reserve the right to supplement this response, without waiving and subject to objections.

Request No. 24

Request No. 25

Request No. 29

Request No. 30

Request No. 31

Request No. 32

Request No. 33

Request No. 33A

Request No. 34

Request No. 35

Request No. 36

Request No. 36A

Request No. 37

Request No. 38

Request No. 43

Request No. 44

Request No. 45

Request No. 46

Request No. 47

**Defendants identify the following individuals who are likely to have discoverable information regarding Defendants' immunity defense:** Mark Bienstock, P.E., Program Executive System and Security Capital Program Management; Eric Jones, CCM Program Manager-Security Safety and UST/Rem. Projects, Systems & Security Program, CPM; Glenn

Lunden, Acting Deputy Chief, Operations Improvement & Analysis NYCT Operations Planning; Tony Abdallah, Senior Director Support Operations, Rail Control Center at New York City Transit; and Carl Hamann, Acting Vice President Division of Operations Office of System Safety. Defendants reserve the right to designate other witnesses as they become known.

**VII. Demands That are Overbroad, Vague, Unduly Burdensome, Harassing And Lack Specificity As To Time Frame And Which Demand Production Of Post-Accident Records And Information** – Such demands are not reasonably calculated to lead to the discovery of admissible information and run afoul of Fed. R. Civ. Proc. 26. See, City of Binghamton v. Arlington Hotel, Inc., 32 AD2d 715, 300 NYS2d 12 (3d Dept. 1969); Zimmerman v. NYCTA, 115 AD2d 738 (2d Dept. 85).

**Defendants object to:**

Request No. 2 - Discs that contain the recordings requested by Plaintiff were personally served on Plaintiff's counsel on March 23, 2018 (Document 31).

Request No. 6 – Defendants provided investigative and inspection reports specific to the Atlantic Avenue Station, for the accident date on February 26, 2018 in the Defendants' Rule 26(a)(1) Initial Disclosure (Document 27 and attachments).

Request No. 7 - Defendants provided investigative and inspection reports specific to the Atlantic Avenue Station, for the accident date on February 26, 2018 in the Defendants' Rule 26(a)(1) Initial Disclosure (Document 27 and attachments).

Request No. 8 - Defendants provided investigative and inspection reports specific to the Atlantic Avenue Station, for the accident date on February 26, 2018 in the Defendants' Rule 26(a)(1) Initial Disclosure (Document 27 and attachments).

Request No. 9 – Responsive documents were provided with Defendants' Rule 26(a)(1) Initial Disclosure on February 26, 2018. (Document 27 and attachments). Defendants object to demand for post-accident changes.

Request No. 10 - Defendants have provided a copy of the Car History for the subject train for 1 year prior to the subject incident on May 8 , 2018 in their Responses to Plaintiff's First Request for Document Production dated April 5, 2018. Defendants object to demand for post-accident changes.

Request No. 11

Request No. 12

Request No. 15

Roth & Roth, LLP
Page 8
May 8, 2018

Request No. 15(a)

Request No. 16 - Defendants have provided a copy of the subject train car specifications on May 8, 2018 in their Responses to Plaintiff's First Request for Document Production dated April 5, 2018.

Request No. 21- There are no documents known that correspond to Request No. 21. Defendants reserve the right to supplement this response, without waiving and subject to objections.

Request No. 23 – In addition to the photographs that were provided with Defendants' Rule 26(a)(1) Initial Disclosure on February 26, 2018, additional photographs are attached hereto, without waiving Defendants' objection to Request No. 23.

Request No. 36

Request No. 36A

Request No. 37

Request No. 39

Request No. 40

Request No. 41

Request No. 42

Request No. 43

Request No. 44

Request No. 45

Request No. 47

## VIII. Demands That Improperly Request Materials That Are Protected By The Attorney-Client, Attorney Work Product and Materials Prepared In Anticipation Of Litigation Privileges.

Defendants object to:

Request No. 22 – Defendants have provided a copy of the PTSB report pertaining to the subject incident on May 8, 2018 in their Responses to Plaintiff's First Request for Document Production dated April 5, 2018.

Roth & Roth, LLP
Page 9
May 8, 2018

Request No. 39

Request No. 40

Request No. 41

## **DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR DOCUMENT PRODUCTION**

NOTWITHSTANDING THE AFOREMENTIONED OBJECTIONS, DEFENDANTS HEREBY PROVIDE THEIR RESPONSES TO THE FOLLOWING REQUESTS:

Request No. 3 – Train Car Manual Table of Contents.

Request No. 5 – Train Operator Induction Manual Table of Contents.

Request No. 10 – Train Car History.

Request No. 13 – Employee Rules & Regulations Table of Contents.

Request No. 14 – Train Operator Induction Manual Table of Contents.

Request No. 16 – Train Car Specifications.

Request No. 17 – Train Operator Induction Manual Table of Contents.

Request No. 20 – Train Car Manual Table of Contents and Acceleration/Emergency Braking Sections.

Request No. 22 – PTSB Report for the subject incident.

Request No. 23 - Additional Photographs.

Request No. 24 – Employee Rules & Regulations Table of Contents.

Request No. 27 - Defendants refer to any and all documents that were provided as attachments to their Rule 26(a)(1) Initial Disclosures on February 26, 2018 and the documents that are referenced herein, as served via regular mail on May 8, 2018.

Request No. 39 – None.

Roth & Roth, LLP
Page 10
May 8, 2018

                              Very truly yours,

                              SMITH MAZURE DIRECTOR WILKINS
                              YOUNG & YAGERMAN, P.C.

By: _____
       MARCIA K. RAICUS

MKR/jam

cc:   **VIA FAX – (212) 532-3801**
      Roth & Roth, LLP
      192 Lexington Avenue, Suite 802
      New York, NY  10016

      Gershbaum & Weisz, PC
      192 Lexington Avenue, Suite 802
      New York, NY  10016
      (212) 385-2121/(212) 532-3801 (F)
      Attorney for Plaintiff
      Luisa Janssen Harger Da Silva

NYCTA-00547/404