# SMITH MAZURE

ATTORNEYS AT LAW

———•———

Smith Mazure Director Wilkins Young & Yagerman, P.C.

| Long Island Office: | | New Jersey Office: |
|---|---|---|
| 200 Old Country Road, Suite 590 | 111 John Street | 92 East Main Street, Suite 402 |
| Mineola, New York 11501 | New York, New York 10038 | Somerville, New Jersey 08876 |
| (516) 414-7400 | (212) 964-7400 | (908) 393-7300 |
| (516) 294-7325 Fax | Fax (212) 374-1935 | Fax (908) 231-1030 |

*Writer's Direct Dial:* (212) 485-8768
mraicus@smithmazure.com

*Please Respond to:*
New York, NY

May 8, 2018

**By Electronic Case Filing System**

United States Magistrate Judge Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    Luisa Janssen Harger DaSilva v. New York City Transit Authority, Metropolitan
               Transportation Authority and Raqia Shabazz
               Civil Action No.:  17-cv-04550-FB-VMS
               Our File No.: NYCTA-00547

Dear Magistrate Scanlon:

       The undersigned firm represents Defendants, New York City Transit Authority, Metropolitan Transportation Authority and Raqia Shabazz in connection with the above-referenced civil action. This letter is respectfully submitted to request an extension of time for Defendants to respond to and First Request for Document Production.

       Counsel for the respective parties appeared for an In-person Conference on March 28, 2018. Matters pertaining to discovery scheduling were addressed. The order that was issued at the March 28, 2018 conference directed the parties to serve Interrogatories and Document Requests by April 6, 2018 and Rule 26(a) disclosures, including supplements by May 11, 2018 and responses to Interrogatories and Document Requests by May 11, 2018.

       The undersigned served and filed Defendants' First Set of Interrogatories on March 29, 2018 (Document #33) in compliance with the March 28, 2018 Scheduling Order. Plaintiff's counsel subsequently forwarded good faith correspondence to the undersigned that raised certain objections to Defendants' First Set of Interrogatories. In response, and in a good faith effort to

Page 2
May 8, 2018

resolve Plaintiff's objection to Defendant's First Set of Interrogatories, Defendants' Revised Interrogatories (Document #40) were served and electronically filed on May 3, 2018.

On or about April 6, 2018, Plaintiff's counsel served a blunderbuss Rule 34 Request for Document Production that is not proportional to the needs of the case, raises significant security concerns, and is not likely to lead to the discovery of admissible material. Defendants' Response to Plaintiff's First Request for Document Production was served on May 8, 2018.

Unfortunately, it was necessary to send a good faith letter to Plaintiff's counsel in an attempt to resolve eight grounds for objecting to said disclosure demand. This request for an extension of time to respond is necessitated by Plaintiff's request for materials, documents and information that are inclusive of the entire New York City subway system, namely portions of the system, tracks, stations and equipment that are outside of the Atlantic Avenue Station. These materials are security sensitive and dissemination of responsive documents greatly enhances the potential for terrorist attack. See, Rankin v. Metropolitan Transportation Authority, 2010 NY Slip Op. 3216(1). Transit Authority's policy regarding document disclosure must be modified, as necessary, in view of the recent incidents of bombings and terrorist threats.

Defendants request an extension of time on the following grounds:

First, Defendants require additional time to review the documents requested by plaintiff for potential security risks and enhanced the likelihood of terrorist attacks that could be generated through exchange of certain requested documents. The Authority must review documents with security in order to ascertain whether providing certain documents to Plaintiff's counsel raises security concerns.

Second, the Authority cannot exchange documents unless Plaintiff's counsel is willing to execute a Confidentiality Agreement and agrees not to display Transit Authority documents at NYSTLA and other bar association meetings, including, but not limited to the American Bar Association, New York State Bar Association and New York County Lawyer's Association, and CLE courses, including, but not limited to Lawline. See, Lau v. New York City Transit Authority, Index No. 156116/2015 (Sup. Ct. N.Y. Cty.). We have exchanged all the documents that pertain to the accident as well as track, signal and station plans that are sensitive and have security issues, and their disclosure has security issues. We wish to have previously disclosed documents as well as documents going forward to be subject to the confidentiality agreement. Moreover, documents that we are looking to exchange concerning the immunity defense, and other defenses need to be reviewed for security concerns due to the ongoing threat of terrorism and whatever documents that are provided need to be subject to the confidentiality agreement.

Third, it remains to be seen if Plaintiff's counsel is willing, without intervention of this Court to modify his First Request for Document Production in connection with the foregoing security-based objection and with the following eight categories of objections apply to Plaintiff's above-referenced Rule 34 demand: Employee and Training Manuals are not discoverable; Employee Rules and Regulations are not discoverable unless the request is limited to manual sections that are applicable to Plaintiff's cause of action and do not include security

Page 3
May 8, 2018

sensitive materials; Defendants' accident and employee records that predate the accident are not discoverable.[1]

Many of the documents requested by Plaintiff are subject to the Deliberative Process Privilege; many of Plaintiff's Demands are overbroad, vague, unduly burdensome, harassing, lack specificity as to time frame and demand production of post-accident records; Plaintiff requests documents that are protected by the Attorney-Client, Attorney Work Product and Materials prepared in anticipation of litigation privileges.

In light of the foregoing, it is respectfully requested that this Court consider Defendants' application and grant the above-requested extension of time to July 20, 2018.

Very truly yours,

SMITH MAZURE DIRECTOR WILKINS
YOUNG & YAGERMAN, P.C.

By: *[signature]*
MARCIA K. RAICUS (6811)

MKR/gxs

cc: **VIA FAX – (212) 532-3801**
Roth & Roth, LLP
192 Lexington Avenue, Suite 802
New York, NY 10016

Gershbaum & Weisz, PC
192 Lexington Avenue, Suite 802
New York, NY 10016
(212) 385-2121/(212) 532-3801 (F)
Attorney for Plaintiff
Luisa Janssen Harger Da Silva

NYCTA-00547/442

---

[1] Plaintiff has served blunderbuss demands for unrelated accident and other records which are not discoverable and which are disproportionate to the needs of this case and contravene the Federal guidelines.