# SMITH MAZURE

### ATTORNEYS AT LAW

———————•———————

#### Smith Mazure Director Wilkins Young & Yagerman, P.C.

| | | |
|---|---|---|
| Long Island Office: | | New Jersey Office: |
| 200 Old Country Road, Suite 435 | 111 John Street | 92 East Main Street, Suite 402 |
| Mineola, New York 11501 | New York, New York 10038 | Somerville, New Jersey 08876 |
| (516) 414-7400 | (212) 964-7400 | (908) 393-7300 |
| (516) 294-7325 Fax | Fax (212) 374-1935 | Fax (908) 231-1030 |

*Writer's Direct Dial:* (212) 485-8703                                                         *Please Respond to:*
myagerman@smithmazure.com                                                                     New York, NY

September 21, 2018

**VIA ECF**
United States Magistrate Judge Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

> Re:    Luisa Janssen Harger Da Silva v. New York City Transit Authority, Metropolitan
>        Transportation Authority and Raqia Shabazz
>        Index No.    :  1:17-CV-04550-FB-VMS
>        D/L          :  August 2, 2016
>        Our File     :  NYCTA-00547

Dear Magistrate Scanlon:

This letter motion seeks to disqualify plaintiff's counsel David Roth, and asks for sanctions, or in the alternative, to order Mr. Roth to cease and desist from contacting any representatives of the Metropolitan Transportation Authority (hereinafter, "MTA") and New York City Transit Authority (hereinafter, "NYCTA") regarding facts pertaining to platform screen doors and any other salient issues involved in the subject Harger Da Silva case now pending before this Court.  Although we are loath to make such a motion, Rule 8.3 of the New York Rules of Professional Conduct (hereinafter, "RPC") seems to require that we do so.

It has come to our attention that on August 21, 2018, Plaintiff's counsel, David Roth of Roth & Roth, LLP, attended the NYCTA Fast Forward Town Hall meeting held at York College. Mr. Roth appeared before the panel and questioned Andy Byford, President of NYCTA, about platform edge safety in blatant violation of Rule 4.2(a) of the RPC.  A copy of the transcript of the proceedings is annexed hereto as **Exhibit "A."**  The salient portion with the questions posed by Mr. Roth to President Byford is reflected in pages 81 through 84 of the transcript.[1]  Further, a

---

[1] Note at page 84, there is an error in the transcription of the exchange.  The transcript should read: Roth: "And they could have".  Byford:  "I'm well aware of that".

United States Magistrate Judge Vera M. Scanlon
Page 2
September 21, 2018

video recording of the encounter is available at the following link: **https://drive.google.com/file/d/1yBGBW5DntTJ8yoW0Oz6-2YUrkAmyY6Vk/view**

The interaction between Mr. Roth and President Byford begins at time stamp 1:47.35. Mr. Roth brazenly approached the podium, and without disclosing his status as the attorney representing Ms. Harger Da Silva in an active litigation against MTA and NYCTA involving allegations concerning the lack of platform safety devices, proceeded to question President Byford on that very issue as it relates to individuals being contacted by subway trains allegedly because of the absence of those devices. Mr. Roth questioned Mr. Byford about whether NYCTA would be installing platform safety devices at all stations as part of the Fast Forward initiative.

Mr. Roth attempted to gain unauthorized discovery by making direct contact with a high-ranking representative of the MTA and NYCTA with speaking power, without disclosing his relationship to litigation involving the NYCTA, and without contacting counsel representing NYCTA for consent. Mr. Roth's conduct violates several provisions of RPC.

The formerly applicable New York Code of Professional Responsibility DR 7-104(A)(1) provided that "during the course of representation of a client, a lawyer shall not communicate or cause another to communicate on the subject of the representation with a party the lawyer knows to be represented by a lawyer in the matter unless the lawyer has the prior consent of counsel representing such other party or is authorized by law to do so." RPC Rule 4.2(Communication with Person Represented by Counsel), the current corollary of DR 7-104(A)(1), contains a nearly-identical prohibition stating "[i]n representing a client, a lawyer shall not communicate or cause another to communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the prior consent of the other lawyer or is authorized to do so by law." Rule 4.2-a's application is limited to situations where "the lawyer has actual knowledge of the fact of the representation; but such knowledge may be inferred from the circumstances. Thus, the lawyer cannot evade the requirement of obtaining the consent of counsel by ignoring the obvious." Rule 4.2 Cmt. 8; see also Bacote v. Riverbay Corp., No. 16-Civ-1599 (GHW) (AJP), 2017 U.S. Dist. LEXIS 35098, at *22, 2017 WL 945103 (S.D.N.Y. Mar. 10, 2017).

"In the case of a represented organization," Rule 4.2 "ordinarily prohibits communications with a constituent of the organization who: 1) supervises, directs or regularly consults with the organization's lawyer concerning the matter; 2) has authority to obligate the organization with respect to the matter; or 3) whose act or omission in connection with the matter maybe imputed to the organization for the purposes of civil or criminal liability." Rule 4.2(a), Cmt. 7; see also Bacote v. Riverbay Corp., supra, 2017 U.S. Dis. LEXIS at *21-22; see also Miano v. AC & R Advertising, 148 F.R.D. 68, 76 (S.D.N.Y., 1993). It is beyond cavil that Mr. Byford is a represented party pursuant to the above definition. While Mr. Roth may claim that the conversation with the President of NYCTA was fair game because this was a public meeting, that does not obviate the clear meaning of Rule 4.2, which obligates Mr. Roth to disclose his role as a lawyer representing a party adverse to the NYCTA, especially regarding the gravamen of discussion with the very person who has speaking power for NYCTA, i.e., the President of NYCTA Andrew Byford. At no point did Mr. Roth gain consent from any individual from the

United States Magistrate Judge Vera M. Scanlon
Page 3
September 21, 2018

New York City Transit Authority let alone the Law Department or outside counsel to (a) attend the town meeting and (b) discuss salient matters with the President of the Authority.

Rule 4.1 of RPC (Truthfulness in Statement to Others) states: "[i]n the course of representing a client, a lawyer shall not knowingly make a false statement of fact or law to a third person." "Misrepresentations can also occur by partially true but misleading statements or omissions that are the equivalent of affirmative false statements." See RPC 4.1, Cmt. 1; see also Bacote v. Riverbay Corp., No. 16-Civ-1599 (GHW) (AJP), 2017 U.S. Dist. LEXIS 35098, at *20, 2017 WL 945103 (S.D.N.Y. Mar. 10, 2017). Essentially, Mr. Roth made misrepresentations through omission to the President of NYCTA by failing to disclose who he is and who he represents.

Rule 8.4-c of the RPC states: "A lawyer or law firm shall not . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation." Here Mr. Roth made contact with a high-ranking potential witness of the MTA and NYCTA without disclosing his representation of Ms. Harger Da Silva in a case against the NYCTA pertaining to the propriety of platform screen doors - the very issue Mr. Roth raised in his questions. Mr. Roth's failure to disclose his role in the Harger Da Silva case and questioning President Byford concerning the gravamen of that complaint constitutes conduct that implicates all of the above prohibitions.

It is beyond cavil that Federal courts are empowered to "enforce professional responsibility standards pursuant to their general supervisory authority over members of the bar." U.S. v. Hammad, 858 F.2d 834, 837 (2d Cir. 1988). Federal courts may look to State rules of professional conduct as a reference point. See, e.g., In re Snyder, 472 U.S. 634, 645 n.6, 105 S. Ct. 2874, 2881 n.6, 86 L. Ed. 2d 504 (1985). The Federal Court's authority to discipline misbehaving attorneys is "derive[d] from their inherent power to preserve the integrity of the adversarial process." U.S. v. Prevezon Holdings Ltd., 839 F.3d 227, 241 (2d Cir. 2016); see also U.S. v. Quest Diagnostics Inc., 734 F. 3d 154, 166 (2d Cir. 2013) (long recognized power of trial judges to disqualify attorneys where necessary to preserve integrity of adversary process).

The decision to disqualify is entrusted to the sound discretion of the trial court. See , e.g., Muniz v. Re Spec Corp., No. 16-CV-02878 (BCM), 2017 U.S. Dist. LEXIS 7570 at *10, 2017 WL 238482 (S.D.N.Y. Jan. 19, 2017); Intellipayment, LLC v. Trimarco, No. 15-CV-1566, 2016 U.S. Dist. LEXIS 41209, 2016 WL 1239621 at *4 (E.D.N.Y. Mar. 29, 2016). In deciding to disqualify counsel, a court must balance the need to maintain the highest standards of the profession against a client's right to freely choose his counsel. See Hempstead Video, Inc. v. Village of Valley Stream, 409 F.3d 127, 132. Disqualification is appropriate only if the attorney's misconduct tends to taint the underlying trial by affecting his or her presentation of the case. Tradewinds Airlines, Inc. v. Soros, 2009 U.S. Dist. LEXIS 40689 at 10. Courts have also excluded the resulting statement from evidence for a party who has violated Rule 4.2. See SEC v. Lines, 669 F. Supp. 2d 460 at 464 (S.D.N.Y. 2009).

In Zeller v. Bogue Electric Manufacturing Corp., No 71 Civ. 5502 (RO) (S.D.N.Y. 1975), Judge Owen held that where the sum and substance of the inappropriate meeting went to the essence of the lawsuit, the attorney *had to be* disqualified to protect the adverse party from any unfair advantage the attorney may have achieved by the improper meeting. See Papanicolaou v.

United States Magistrate Judge Vera M. Scanlon
Page 4
September 21, 2018

<u>Chase Manhattan Bank</u>, 720 F. Supp. 1080, 1085 (S.D.N.Y. 1989), <u>citing</u> <u>Zeller</u>, <u>supra</u>.  An attorney who participated in a conference with the opposing party without the presence of counsel and discussed the merits of an ongoing lawsuit violated Model Rule 4.2, and was *required to be disqualified*.  <u>Id</u> at 1085.  Furthermore, in <u>Zheng v. Kobe Sushi Japanese Cuisine 8, Inc.</u>, 15 Civ. 10125 (AKH), Judge Hellerstein held that disqualification of counsel was proper when counsel who represented plaintiffs was contacted by and discussed the case with the defendant employer who was *unaware that he was sharing information with his adversaries' lawyer*.  <u>See</u> <u>Guan v. Long Island Bus. Inst., Inc.</u>, No. 15 Civ 2215 (CBA)(VMS), 2017 U.S. Dist. LEXIS 10490, at * 37-38 (E.D.N.Y. Jan 24, 2017).

Mr. Roth knew that NYCTA was a represented party in this case.  With that knowledge, Mr. Roth deliberately attended the NYCTA Fast Forward Town Hall meeting held at York College to question Mr. Byford regarding the platform edge safety issues, which are the gravamen of the case before this Court, and deliberately withheld his representation of Ms. Harger Da Silva in a case against the NYCTA pertaining to the very issue Mr. Roth raised in his questions.  Clearly, the President of NYCTA is an employee who is identified with the interests of the NYCTA and whose acts or omissions are binding on the corporation, making him a party in this action; the discussion went to the very essence of the instant matter.

Although Mr. Roth may argue that his concern for his blind mother, and that the venue was a public meeting, excuse or justify his conduct, he still had an ethical obligation to disclose his identity, and to contact NYCTA's attorneys before questioning Mr. Byford.  Therefore, Mr. Roth was in direct violation of Rules 4.1, 4.2, and 8.4 and should be disqualified as counsel, sanctioned, or prohibited from further inappropriate contact with represented parties.

Respectfully yours,

SMITH MAZURE DIRECTOR WILKINS
YOUNG & YAGERMAN, P.C.

By: _____
MARK S. YAGERMAN
KENNETH R. LANGE

CC:     All Counsel Via ECF

MSY/jch

NYCTA/547/852