# SMITH MAZURE

ATTORNEYS AT LAW

Smith Mazure Director Wilkins Young & Yagerman, P.C.

| **Long Island Office:** | | **New Jersey Office:** |
|---|---|---|
| 200 Old Country Road, Suite 590 | 111 John Street | 92 East Main Street, Suite 402 |
| Mineola, New York 11501 | New York, New York 10038 | Somerville, New Jersey 08876 |
| (516) 414-7400 | (212) 964-7400 | (908) 393-7300 |
| (516) 294-7325 Fax | Fax (212) 374-1935 | Fax (908) 231-1030 |

*Writer's Direct Dial:* (212) 485-8756
jsimon@smithmazure.com

*Please Respond to:*
New York, NY

April 25, 2019

**VIA ECF**

United States Magistrate Judge
Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

      Re:    Luisa Janssen Harger Da Silva v. New York City Transit Authority, Metropolitan Transportation Authority and Raqia Shabazz

           Our File   : NYCTA-00547
           CIV No.  : 17-CV-04550 (FB) (VMS)

Dear Judge Scanlon:

      Please accept this correspondence submitted in Opposition to the letter Motion of Plaintiffs' Counsel (docket #82) which seeks to amend the language of the Court ordered security order (docket #71). Plaintiffs' request is seemingly based upon their review that the Defendants have improperly designated certain matters as security confidential.

      It should first be noted that Plaintiffs' application is tantamount to simply seeking another bite of the proverbial apple. This issue was previously submitted to this Court and the Court has rendered its decision. As noted in the Court's order docketed on June 4, 2018 (docket #48), this Honorable Court set forth that the parties were to submit proposed confidentiality agreements for which the Court would then make a determination as to which agreement and/or terms would be applicable. On June 18, 2018 within docket #49, the undersigned submitted a proposed confidentiality agreement on behalf of its client. The following day on June 19, 2018, (docket #50, Counsel for Plaintiff submitted their own proposal for same). Additional materials relevant to this issue were filed with Court and designated docket # 51.

Judge Scanlon
Page 2
April 25, 2019

      The Court reviewed the submissions and by docketed order dated January 9, 2019 (docket #71), issued the version of the confidentiality and security agreement which it had viewed appropriate. This ordered agreement (docket #71 and attached herein) requires the Defendant to produce materials, not withstanding any designation of security sensitivity, but protects such disclosure from public view and knowledge. Most importantly, in paragraph 5 of this agreement, is a provision which notes that the security sensitive designation may be removed either by consent of the Defendant or by the Court issuing an order removing such designation. Notwithstanding the security sensitive designation, such documents are still subject for use within this litigation whether at a deposition or otherwise.

      Paragraph 6 of the ordered agreement (docket #71) prevents the Plaintiff from disclosing the document outside the parameters of this litigation. As this litigation should be the sole concern of both the Plaintiff and, respectfully, this Court in regards to these documents, it is not clear as to why this would present a problem to Plaintiff's counsel. As noted in paragraph 7, nothing within the agreement prevents council from utilizing the documents during any deposition or otherwise within the confines of this litigation. As noted in paragraph 9, Plaintiff fully retains their right to challenge any such designation of any document or item.

      As noted above, the issue as to the confidentiality agreement language has already been submitted to this Court and decided. Respectfully, this is now law of the case. As noted in *Washington National Life Insurance Company of New York v. Morgan Stanley & Company, Inc.*, 974 F. Supp 214 (United States District Court S.D. New York, 1997), once a Court decides upon a rule or issue within a matter in litigation, that decision should continue to govern in all subsequent stages of that litigation. See *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed 2d 318 (1983). See also *Pescatore v. Pan American World Airlines, Inc.* 97 F.3d 1, 7-8(2d Cir 1996)

      While it is not disputed that a decision can be submitted for re-argument upon the finding of new information or an intermediate change in the law, the Courts decision on a matter should not be otherwise challenged once issued even by the Court itself. Counsel has presented no such new information or referenced any such change in law.

      However, even addressing counsel's argument on the merits, it must fail. Counsel for Plaintiff suggests an amendment to paragraph 5 in the security order so as to create different levels of security disclosure. They seek to create a "highly security sensitive" classification within the agreement. Respectfully, such an amendment to the order serves no purpose other than to create greater confusion and discord. If Plaintiff objects to a designation on a particular document, as noted, they have the right to seek that the Court removes such a designation. There is no need, or rationale to create a second designation and further convolute this matter. Their argument as set forth in their February 28, 2019 correspondence is that the amendment is necessary because the defendants have improperly designated documents thereby restricting Plaintiffs free speech rights. If Plaintiff feels that the documents have been improperly designated, then that issue should be addressed to have the designation so removed if appropriate. More importantly, Plaintiffs free speech rights are not impinged. They are permitted to utilize these documents freely within the course of this litigation. However, their concerns pertaining to being able to utilize them outside the litigation is simply not an issue that

is or should be before this Court. By setting this issue before this Court, Plaintiff makes clear their intent to utilize the documents and the materials outside this litigation and to convey the existence of sensitive materials to other Plaintiffs counsel, the public at large and to potentially nefarious individuals. The only issue that should properly be addressed is where the Plaintiff may utilize these documents within this litigation and the methodology in which to utilize them so as to protect their confidentiality.

Plaintiff's counsel seeks to argue that any such restriction on dissemination is inappropriate. However, this is not correct. Restrictions on dissemination are permitted under numerous circumstances such as protection of confidential material and even to avoid personal embarrassment, see *Chesa Int'l Ltd. v Fashion Assoc*, 425 F. Supp1348 (S.D.N.Y.) affd, 573 F.2d 1288 (2nd Cir. 1977). Obviously security sensitivity documents are at least on the same level. Freedom of speech embodies both the right to speak freely and the right to refrain from speaking at all, *Wooley v Maynard*, 430 US. 705, 714 (1979). Confidential information may be precluded from dissemination, Cf. *Cox Broadcasting Corp., v Cohn*, 420 U.S. 469,496 (1975). In fact it has been noted that in absence of sufficient justification, a court's denial of a request to prevent dissemination may itself be an unconstitutional infringement of the producing party's first amendment rights, see *Wooley* at 716-717; *Miami Herald Publishing Co v Tornillo*, 418 U.S. 241,256 (1974).

On page 5 of Plaintiffs' February 28 correspondence, they state a rationale that the public has a right to these records. Again, this is not a litigation whose focus is whether these matters should be made accessible to the public or not, this is a bodily injury litigation in which the issue is the dissemination of these materials for use within this litigation. The public will have access to the pleadings, the docket, court orders etc... There is no reasonable benefit to the public to provide access or knowledge of materials deemed security sensitive.

Plaintiffs' counsels' assertion that certain materials may have been provided in other litigations, without any confidentiality agreement or restrictions, then such materials are beyond the control of the parties to this litigation. If materials were provided otherwise than within this litigation and outside the scope of this confidentiality agreement and plaintiff obtains such materials from such source, than obviously this confidentiality agreement cannot control those materials so obtained. This confidentiality agreement may only control those materials disclosed within this agreement and to the extent they are disclosed within this litigation. Plaintiffs' counsel raises numerous arguments pertaining to discoverability of such documents under Foil requests or otherwise. Respectfully, documents requested under Foil are not automatically disclosed and may obviously be restricted based upon the security nature of their existence.

If this Court requires a hearing as to specific documents we would be happy to comply with same. However, we hope that this would not be necessary and that the court recognizes the extremely convoluted nature of the Transit system and how documents marked security sensitive by Defendant, include a broad range of materials, many of which are components of a larger system. While arguably, each item individually may not a pose a risk, their existence as to the larger nature of the system, how they fit into that system and their workings within the system, clearly do. Rather than create the risk which Plaintiffs counsel appears to be oblivious to, it is recommended to this Court, that the current agreement which this Court reviewed and so

Judge Scanlon
Page 4
April 25, 2019

ordered, be found to be binding. This agreement permits the use of the documents requested within this litigation but rather than take a risk as to how this information may be used outside this litigation, prevents such use.

As the Court is aware, the Defendants have re-evaluated certain documents and have provided them to counsel upon determination that they were outside the security sensitive designation.

It is unclear whether Plaintiffs counsel is acting as an advocate of his client or has taken on a new role of public advocate for the disclosure materials to the public which he now argues that the public should somehow have access to, without providing any rationale for such belief. Plaintiffs' role as "Public advocate" is misplaced. Under the current agreement, Plaintiff suffers no prejudice as he retains full use of these documents and the information within the boundaries of this litigation.

Very truly yours,

SMITH MAZURE DIRECTOR WILKINS
YOUNG & YAGERMAN, P.C.

By: _____
JOEL M. SIMON

JMS/afm

1172

cc:   Gershbaum & Weisz, PC (VIA ECF)

      Roth & Roth, LLP (VIA ECF)