UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LUISA JANSSEN HARGER DA SILVA,

                Plaintiff,

      - against -                                  17-cv-04550(FB)(VMS)

NEW YORK CITY TRANSIT AUTHORITY,
METROPOLITAN TRANSPORTATION AUTHORITY,
AND RAQIA SHABAZZ,

                Defendants.
------------------------------------------------------------------X

## [PROPOSED] NON-WAIVER ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(b)

Plaintiff Luisa Janssen Harger Da Silva and defendants New York City Transit Authority, Metropolitan Transportation Authority, and Raqia Shabazz, by their undersigned counsel, hereby stipulate to the following, and respectfully request that the Court enter this stipulation as an order, pursuant to Rule 502(d) of the Federal Rules of Evidence. This stipulation is intended to supplement the parties' previously agreed to Confidentiality Stipulation.

1.     The production of documents, electronically stored information ("ESI"), or other information, whether inadvertent or otherwise, containing any matter protected from disclosure by the attorney-client privilege or work-product doctrine in connection with this litigation is not a waiver of the attorney-client privilege or work-product protection in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by FRE Rule 502(d).

2.     Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI (including metadata), or other information for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

3. The producing party must notify the receiving party promptly, in writing, upon discovery that privileged material has been produced and the basis for the claim. After being notified, the party who received the information and/or material: (a) must promptly return, sequester, or destroy the specified information or material and any copies it has in its possession and control (except to the extent such party may submit such information and material to the court as permitted by paragraph 3(d) hereof); (b) must not use or disclose the information until the claim is resolved; (c) must take reasonable steps to retrieve the information or material if the party has disclosed it before being notified; and (d) may, within seven (7) days of receiving notice from the producing party, alert the producing party that it disagrees with the applicability of the privilege asserted. Where the receiving party raises an objection under Section 3(d) of this Order, the parties are to meet and confer on the applicability of the privilege. Where the parties are unable to agree on the applicability of the privilege asserted and the producing party maintains that the privilege applies, the producing party must within fourteen (14) days (unless otherwise agreed upon by the parties) present the information or material to the court in writing and under seal for a determination of the applicability of the privilege, as applicable. The receiving party may not challenge the privilege claim by arguing that the disclosure itself is a waiver of any applicable privilege. The producing party must preserve the original copy until the claim is resolved.

4. Any analyses, memoranda or notes which were internally generated based upon such produced material or information shall immediately be placed in sealed envelopes, and shall be destroyed in the event that (a) the receiving party does not contest that the information is privileged, or (b) the Court rules that the information is privileged. Such analyses, memoranda or notes may only be removed from the sealed envelopes and returned to its intended purpose in the

event that (i) the producing party agrees in writing that the information is not privileged, or (ii) the Court rules that the information is not privileged.

IT IS SO ORDERED.

Dated: _____

                                              Hon. Vera M. Scanlon, U.S.M.J.

The undersigned counsel for the Parties consent to the form and entry of this Order:

Dated: December 11, 2020

| ROTH & ROTH LLP | LANDMAN, CORSI, BALLAINE & FORD P.C. |
|---|---|
| *David Roth* | **Andrew P. Keaveney** |
| David A. Roth | Andrew P. Keaveney |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 192 Lexington Avenue, Ste. 802 | 120 Broadway, 13th Floor |
| New York, NY 10016 | New York, NY 10271 |
| (212)-425-1020 | (212)-238-4800 |

3