```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
LUISA JANSSEN HARGER DA SILVA,              :
                                            :
                Plaintiff,                  :
                                            :                ORDER
        -against-                           :
                                            :                17 Civ. 4550 (FB) (VMS)
NEW YORK CITY TRANSIT AUTHORITY,            :
METROPOLITAN TRANSPORTATION                 :
AUTHORITY and RAQIA SHABAZZ,                :
                                            :
                Defendants.                 :
------------------------------------------------------------ x
```

**Vera M. Scanlon, United States Magistrate Judge:**

Before the Court is Defendants' motion for a protective order with respect to Interrogatory Nos. 2-6, 10 and 13-17 from Plaintiff's Second Request for Interrogatories dated January 14, 2022, and Request for Production Nos. 1-5 from Plaintiff's Fifth Request for Production of Documents dated January 14, 2022.  See ECF No. 169.  For the following reasons, Defendants' motion is granted in part and denied in part.

1. **Interrogatory Nos. 2-4, 10 and 17 from Plaintiff's Second Request for Interrogatories**

    In summary, these interrogatories request that Defendants identify:

    a) all safety studies and supporting data Defendants relied on for decisions not to install platform screen doors or track intrusion technology or warning systems;

    b) all safety plans and supporting data Defendants relied on for the subway station at issue to protect people from falling onto the tracks or coming into contact with subway trains;

    c) all documents related to grants, funding and aid for improvements to the subway from 1999-2018 related to platform safety, platform doors, track intrusion

    devices, protection of customers from falling onto subway tracks or coming into contact with subway trains; and

  d) all documents that summarize major delays affecting 100 or more trains from 2010 through the date of the subject accident.

Plaintiff describes these as requests to identify the documents on which Defendants will rely for their affirmative defenses. See ECF No. 170 at 9-10 (responses to Defendants' objections to Interrogatory Nos. 2, 3 and 4, which are referred back to as the responses to Defendants' objections to Interrogatory Nos. 10 and 17 as well). Defendants object to these Interrogatories on the ground that, inter alia, they seek attorney-work product. See ECF No. 169 at 7-8, 10, 12.

  a. **Interrogatories**

  As correctly noted by Defendants, see ECF No. 169 at 5, the discovery production in this case was made in accordance with Fed. R. Civ. P. 34, which allows documents to be produced as they were kept in the normal course of business. Thus, the production was made appropriately in this regard. In order to comply with Plaintiff's requests at this stage of the litigation, Defendants would effectively have to review their thousands of pages of documents and re-categorize them in an order responsive to Plaintiff's interrogatories. This can neither be required of Defendants under the Federal Rules of Civil Procedure, nor asked of them after years of litigation and document production which has been expensive and time-consuming. If Plaintiff had had any meaningful objection to the order in which Defendants made their production, Plaintiff could have asked for the Court to require a different production process, but Plaintiff did not. When this case reaches summary-judgment motion practice or trial, Defendants will need to identify the documents that they rely on, but they do not have to undertake that exercise now.

  At this stage of the case, Plaintiff will not be permitted to use contention interrogatories to circumvent the Federal Rules of Civil Procedure governing the document production. In any

2

event, the Court previously ruled that Defendants did not have to respond to premature contention interrogatories. Courts generally resist efforts to use contention interrogatories as a vehicle to obtain every fact and piece of evidence a party may wish to offer concerning a given issue at trial. See, e.g., Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC, 273 F.R.D. 367, 369 (S.D.N.Y. 2010) ("Plaintiffs should not be 'required to parse through documents that have already been produced to defendants, which defendants are in a position to review themselves, in order to explain the obvious.'" (citation omitted)); Pasternak v. Dow Kim, No. 10 Civ. 5045 (LTS) (JLC), 2011 WL 4552389, at *3 (S.D.N.Y. Sept. 28, 2011) ("In response to contention interrogatories, a party is not required to review documents that have already been produced nor will a party be required to identify witnesses and documents where that information will subsequently be supplied in a pretrial order." (citation omitted)); Convolve, Inc. v. Compaq Computer Corp., 223 F.R.D. 162, 173-74 (S.D.N.Y. 2004). Thus, courts do not typically compel responses to interrogatories that seek a catalog of all facts or all evidence that support a party's contentions. E.g., Pasternak, 2011 WL 4552389, at *2 (citing cases).

### b. Safety Studies

Plaintiff states that they have reviewed Defendants' ESI production and informed Defendants they do not believe there are any safety studies in the production; and that Plaintiff offered to review specific Bates-stamped pages with Defendants, but Defendants refused. See ECF No. 170 at 9. Plaintiff also states that Defendants' counsel refused to confirm that they had produced in the ESI production all safety studies on which they will rely. See id. Plaintiff does not allege that Defendants did not conduct the ESI searches in accordance with the ESI terms identified by Plaintiff and approved in the discovery process. To the contrary, Defendants identified at least one set of terms that would have captured ESI relating to safety studies if such materials existed and were labeled properly. See ECF No. 169 at 7 (quoting Defendants'

3

response to Interrogatory No. 2 in Plaintiff's Second Request for Interrogatories).  At this stage of this 2017 case, given the age of the ESI production effort and the significant time and resources already spent on ESI discovery, to the extent that Plaintiff is raising deficiency arguments about Defendants' ESI productions that were produced based on the search terms that Plaintiff proposed, the Court will not revisit issues related to the ESI search terms.

Defendants are on notice that in motion practice or at trial, they will not be permitted to rely on any materials not produced during the discovery phase of this case.

2. **Request for Production Nos. 1-5 from Plaintiff's Fifth Request for Production of Documents and Interrogatory Nos. 5, 6 and 13-16 from Plaintiff's Second Request for Interrogatories**

Although the Court's December 15, 2021 Order stated that Plaintiff would not be allowed to revisit ESI discovery if their previous search terms did not capture documents concerning Defendants' speed policies, Defendants' counsel was to "investigate the existence of paper documents limited to the policy behind the speed assigned to trains at the subject station and the track where Plaintiff's accident occurred, as well as the effort required to produce those documents." See Order dated 12/15/2021.  The parties were also instructed that, if counsel could not agree on a resolution with respect to these paper documents, they should file a joint letter with the Court by January 14, 2022, that included the necessary factual and legal support upon which the Court could decide the issue.  See id.  The parties did not file such a joint letter.

Defendants object to Plaintiff's Request for Production Nos. 1-5, stating that the Court has not yet decided the issue of production of speed-policy paper documents, and that they provided the appropriate information to the Court regarding the burden of production, citing to what Defendants attached as Exhibit B to their motion.  See ECF No. 169 at 5.  Exhibit B simply contains a copy of the Court's December 15, 2021 Order.  See ECF No. 169-2.  It is thus unclear what Defendants are driving at as to the suggestion that there is any outstanding speed-related

discovery issue before the Court. At any rate, the Court stated at the December 15, 2021 Telephone Conference it would consider discovery on speed-policy documents relating to the incident, but it would not open up broad discovery on speed policy generally.

As Defendants bear the burden of demonstrating good cause exists for the issuance of a protective order,[1] and they have failed to do so here as to the entire order requested, Defendants' request is denied to the extent that Defendants have failed to produce the materials identified by the Court during the December 15, 2021 Telephone Conference. See Rofail v. United States, 227 F.R.D. 53, 54-55 (E.D.N.Y. 2005). Defendants are ordered to produce the documents requested in Request for Production Nos. 1-5, but only to the extent those materials are "the policy behind the speed assigned to trains at the subject station and the track where Plaintiff's accident occurred." Order dated 12/15/2021. Defendants only need to provide system-wide material to the extent that such material relates to the subject station and track at around the time of the incident (e.g., within a three-year window). Defendants are not required to produce the underlying data and raw data referenced in Request for Production Nos. 2 and 4. Along with their document production, Defendants are to respond to Interrogatory Nos. 5, 15 and 16. Defendants' motion for a protective order with respect to Interrogatory Nos. 6, 13 and 14 is granted.

Dated: Brooklyn, New York
May 27, 2022

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge

---

[1] The Court notes that it appears the actual burden on production of some of these documents is minimal given that Defendants were recently ordered to produce a witness with knowledge of the speed policy as well as the documents the witness would presumably rely in state-court litigation. See Martinez v New York City Transit Auth., 203 A.D.3d 87, 93 (1st Dep't 2022).