UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
LUISA JANSSEN HARGER DA SILVA,                :
                                              :
                    Plaintiff,                :
         -against-                            :          **ORDER**
                                              :
NEW YORK CITY TRANSIT AUTHORITY,              :          17 Civ. 4550 (FB) (VMS)
METROPOLITAN TRANSPORTATION                   :
AUTHORITY and RAQIA SHABAZZ,                  :
                                              :
                    Defendants.               :
------------------------------------------------------------ x

**Vera M. Scanlon, United States Magistrate Judge:**

Before the Court is Plaintiff's motion for a protective order seeking an order that:

1) Defendants' counsel may not object at future depositions unless the objections are to form or to direct a witness not to answer unless the objections are to preserve a privilege, enforce a limitation ordered by the Court, or to present a motion to terminate or limit the deposition. See ECF No. 171.

2) Mr. Andrew Bata, a former employee of the New York City Transit Authority, be produced for another seven hours of deposition questioning and that Defendants pay for all court-reporting fees related to Mr. Bata's depositions and the costs of Mr. Bata's March 8, 2022 deposition transcript as sanctions. See id.

For the following reasons, Plaintiff's motion is granted in part and denied in part.

1. **Legal Standard**

At a deposition, "[a]n objection must be stated concisely in a nonargumentative and nonsuggestive manner." Fed. R. Civ. P. 30(c)(2). Counsel "may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(3)." Weinrib v. Winthrop-Univ. Hosp., No. 14 Civ. 953

1

(JFB) (AKT), 2016 WL 1122033, at *2 (E.D.N.Y. Mar. 22, 2016) (internal quotations & citations omitted). Under Fed. R. Civ. P. 30(d)(2), "[t]he court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

**2. Mr. Bata's March 8, 2022 Deposition**

At Mr. Bata's March 8, 2022 deposition, Defendants' counsel objected numerous times, and relatively consistently throughout the deposition. Plaintiff argues that Defendants' counsel's objections contained "colloquy or interjections" that served to "prompt[] Bata to be evasive and unresponsive" and "to obfuscate." See ECF No. 171 at 3. The Court has reviewed the disputed deposition transcript and finds that most of Defendants' counsel's objections were stated concisely and in a nonargumentative way. Defendants' counsel's objections largely took the form of "Note my objection." or "Note my objection. You can answer." and are not improperly phrased so as to influence the witness. See Gavrity v. City of New York, No. 12 Civ. 6004 (KAM) (VMS), 2014 WL 4678027, at *8 (E.D.N.Y. Sept. 19, 2014).

Plaintiff also argues that "asked and answered" objections of the type made during the deposition are improper speaking objections. This Court disagrees. See id. at *7 n.5 (noting permissible elaboration on objections to form includes "asked and answered").

Defendants' counsel did instruct the witness not to answer several questions, but the record does not reflect a valid basis for these instructions. For example, as to questions about to whom the deponent spoke about his deposition, how many times he spoke with an attorney and for how long, and how the communications were held, i.e., via email or on the phone, Defendants' counsel objected. See ECF No. 171-1, Tr. 7:10-14, 22:25-23:5, 23:11-15, 23:16-20.

2

Such questions did not inquire of the content of privileged attorney-client communications, so they were permissible, contrary to Defendants' objections. Gavrity, 2014 WL 4678027, at *3.

As to the questioning about speed policy, Defendants' counsel stated at the deposition he would stop this line of questioning because "[s]peed policy is subject to a motion that we have." See ECF No. 171-1, Tr. 24:12-13. These objections should not have been made. First, there was no motion pending as to whether deposition testimony could be sought regarding speed policies. Rather, the Court had permitted limited discovery as to speed policies directly related to the subject track and station. Even if Defendants were to have taken the position that a broad inquiry as to speed issues was outside of the scope of discovery that the Court had permitted at the December 15, 2021 Telephone Conference, questions about policies that applied to the subject station and track would have been allowed. Second, there was no order from the Court limiting permissible deposition topics; thus, Defendants' counsel cannot be said to have validly objected to these questions in order to "enforce a limitation directed by the court" as alleged. See Fed. R. Civ. P. 30(c)(2). Third, Defendants' counsel's contentions about the relevance of speed policy are not sufficient grounds to instruct a witness not to answer. See, e.g., Maldonado v. Srour, No. 13 Civ. 5856 (ILG) (JO), 2015 WL 5098617, at *2 (E.D.N.Y. Aug. 31, 2015) (upholding telephonic ruling holding that defense counsel is to lodge his objections on the record and allow the defendant to answer the questions, inasmuch as "lack of relevancy is not a proper ground for instructing a witness not to answer deposition questions"). The witness should have answered these questions.

The transcript shows several questions as to which Defendants' counsel instructed the witness not to answer without stating a basis for the objection, although sometimes with a note that it was an "improper" question. See, e.g., ECF No. 171-1, Tr. 49:11-17, 49:21-25, 50:2-8,

3

71:8-12, 75:17-24, 110:3-10, 110:11-15, 298:12-17, 304:20-23, 313:11-15.  It appears that Plaintiff's reasoning behind asking at least some of these questions was to explore the possibility of witness bias.  See id. at 75:17-76:20, 110:11-21.  To the extent that Defendants' counsel directed the witness not to answer on the basis that these questions were being asked in bad faith or in a manner that annoys, embarrasses or oppresses the deponent (which the Court is assuming for the sake of argument given that the record is not clear), the proper procedure for Defendants to employ would have been to instruct the witness not to answer and to make a contemporaneous motion under Rule 30(d)(3), which allows a party to terminate or limit a deposition on such grounds.  See Fed. R. Civ. P. 30(d)(3)(A).  Defendants' counsel did not make a Rule 30(d)(3) motion.  For example, Defendants' counsel could have called the Court to request a contemporaneous ruling.  Given the limited record here, the Court will not decide the appropriateness of Defendants' counsel's instruction not to answer, but will note that the proper procedures were not followed.

The Court does note that, as a practical matter, Plaintiff's counsel was equally capable of reaching out to the Court to request that a ruling on these areas of questioning be made, but that also did not happen.  The Court strongly encourages counsel to move forward in a spirit of cooperation so that the discovery in this case can be concluded and dispositive-motion practice be commenced.

   3. Conclusion

Many of Plaintiff's objections are meritless, as noted above.  As to some of Defendants' objections, given that Defendants' counsel should not have instructed the witness not to answer and did not follow the proper procedures when instructing the witness not to answer, Plaintiff is entitled to some limited relief.  Therefore, the witness's deposition may be continued to cover

4

those issues that the parties were unable to address at the deposition as discussed above (e.g., non-privileged questions regarding deposition preparation; questions regarding speed policy, the scope of which is discussed in the Court's other discovery order at ECF No. 173; and questions regarding the witness's possible bias).  To achieve this relief, Plaintiff may have an additional two hours of deposition with the witness, and Defendants are to pay the court-reporter (and if necessary, video-platform) costs incurred for the two additional hours of Mr. Bata's continued deposition.

An award of sanctions such as fees or costs incurred is not warranted.  For example, in taking Mr. Bata's deposition, Plaintiff undertook to pay the costs of the transcript and court reporter; there is no basis in the record to shift all of those costs to Defendants.

The Court declines to enter a protective order regarding either Plaintiff's questions or Defendants' objections at future depositions or interviews at this time, given that it expects counsel will proceed in a cooperative manner consistent with this Order and the Federal Rules of Civil Procedure.

Dated:  Brooklyn, New York
        May 27, 2022

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge