UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
LUISA JANSSEN HARGER DA SILVA,            :
                                          :
             Plaintiff,                   :            **ORDER**
                                          :
       -against-                          :     17 Civ. 4550 (FB) (VMS)
                                          :
NEW YORK CITY TRANSIT AUTHORITY,          :
METROPOLITAN TRANSPORTATION               :
AUTHORITY and RAQIA SHABAZZ,              :
                                          :
             Defendants.                  :
------------------------------------------------------------ x

**Vera M. Scanlon, United States Magistrate Judge:**

      Plaintiff moves to compel production of documents relating to MTA's Track Trespassing Task Force.  See ECF No. 183.  According to a report published in May 2022, MTA created the Track Trespassing Task Force in December 2021 "in response to an increase in the number of reported trespassing incidents in 2021."  See Track Trespassing Task Force Report, https://new.mta.info/document/87881, at 1.  The Task Force aims to "identify ways to reduce the number and impact of track trespassing incidents."  Id. at 2.  After learning of the Task Force's existence, Plaintiff demanded that Defendants "supplement [their] Rule 26 disclosures and responses to Plaintiff's RFPs, and produce all documents and ESI related to the Track Trespassing Task Force and RFI-22-01 this [sic] would include its creation and all meeting minutes from this Task Force and leading up to the creation of the Task Force."  See ECF No. 166-3.  Defendants objected to Plaintiff's demand based on lack of relevance and other grounds. See ECF No. 166-5.

Plaintiff now moves to compel records related to the Track Trespassing Task Force. See ECF No. 183 at 2-3. Defendants oppose. See id. At 3-4. Plaintiff argues that she is entitled to the records because Defendants "opened the door with respect to post-accident records" by stating that they will rely on post-incident documents in support of their immunity defenses. Id. Plaintiff argues that Defendants were obligated to supplement their disclosures because the Track Trespassing Task Force is merely a new name for the "Platform Edge Door Task Force," which was the subject of prior discovery requests. Id. at 2. Defendants argue that the records are not relevant, as the Track Trespassing Task Force was created years after the incident. See ECF No. 183 at 3. Defendants argue that Plaintiff's assertion that the Track Trespassing Task Force is the same as the Platform Edge Door Task Force is mere speculation. Id. at 3-4. Defendants assert that they intend to rely on post-accident documents at trial, but they will not rely on Track Trespasser Task Force documents. See ECF No. 183 at 4; ECF No. 187 at 3.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "The party moving to compel the disclosure of information bears the initial burden of demonstrating that the information sought is relevant and proportional." Sportvision, Inc. v. MLB Advanced Media, L.P., No. 18 Civ. 3025 (PGG) (VF), 2022 U.S. Dist. LEXIS 128127, at *3 (S.D.N.Y. July 19, 2022).

Plaintiff has made an insufficient showing that documents relating to the Track Trespassing Task Force fall within the scope of discovery permitted by Rule 26. Plaintiff argues

that the documents became discoverable when Defendants expressed their intention to rely on post-incident documents at trial.  Plaintiff's argument is overbroad.  Defendants' use of post-incident documents does not open up discovery as to all of Defendants' post-incident documents, but only to those that are relevant to the anticipated defense.  See Fed. R. Civ. P. 26(b)(1).  Defendants state that they will not rely on Track Trespassing Task Force documents, and their intention to rely on other documents that post-date the incident is not alone a sufficient basis to compel production of Track Trespassing Task Force documents.  Plaintiff does not identify any discovery request to which Track Trespassing Task Force documents are responsive.  Plaintiff also does not demonstrate that documents or information about the Track Trespassing Task Force are subject Rule 26's supplemental disclosure requirement, as they offer no support for their assertion that the Track Trespassing Task Force is simply another name for the Platform Edge Door Task Force.  Plaintiff's motion to compel is denied.

Dated:  Brooklyn, New York
            December 9, 2022

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge