```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
LUISA JANSSEN HARGER DA SILVA,           :
                                         :
                Plaintiff,               :         ORDER
                                         :
        -against-                        :         17 Civ. 4550 (FB) (VMS)
                                         :
NEW YORK CITY TRANSIT AUTHORITY,         :
METROPOLITAN TRANSPORTATION              :
AUTHORITY and RAQIA SHABAZZ,             :
                                         :
                Defendants.              :
------------------------------------------------------------ x
```

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff's motion for reconsideration of the 7/11/2022 Order regarding the scope of discovery is denied. See ECF Nos. 184, 185. To succeed on a motion for reconsideration, the movant must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983). "A motion for reconsideration is 'not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'" Henry v. Cty. of Nassau, No. 17 Civ. 6545 (GRB) (JMW), 2022 U.S. Dist. LEXIS 208091, at *12 (E.D.N.Y. Nov. 16, 2022) (quoting Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012). "A motion for reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Henry, 2022 U.S. Dist. LEXIS 208091, at *12 (quoting Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001)).

On 12/15/2021, the Court held a telephone conference on, inter alia, the scope of discovery relating to MTA's speed policy. The Court held that Plaintiff had failed to timely

bring any speed-related dispute to the Court's attention, and Plaintiff had therefore waived her opportunity to seek discovery on MTA's general speed policies. See 12/15/2021 Transcript (ECF No. 163) at 34:6 - 36:20. The Court issued an Order directing Defendants to inquire into the existence of, and effort required to produce, documents related to the "policy behind the speed assigned to trains at the subject station and the track where Plaintiff's accident occurred." See 12/15/2021 Order. The Court directed that "[i]f counsel cannot agree on a resolution with respect to these paper documents, they should file a joint letter with the Court by 1/14/2022, including all of the necessary factual and legal support to decide the issue." See id. The parties did not file such a letter. By Order dated 7/11/2022, the Court reminded Plaintiff of its limitation of speed-related discovery, and ordered that "Plaintiff is not permitted to explore questions related to speed other than the narrow issue allowed in the Court's 12/15/2021 Order." See 7/11/2022 Order.

In her motion, Plaintiff requests that the limitations in the 7/11/2022 Order "be lifted, and that Plaintiff be allowed to inquire and seek whatever discovery is proper that may be revealed at any future depositions regarding the speed of the train herein, the speed of trains entering the station and any and all theories, claims, and discovery that have been exchanged by either party in this matter." See ECF No. 185 at 8. Plaintiff argues that the limitation is inappropriate because her Notice of Claim and Complaint contain "allegations as to speed issues" and cites to excerpts from each. See id. at 6. Defendants oppose. See ECF No. 195. Defendants argue that the limitation is appropriate based on Plaintiff's failure to plead a speed-policy claim and failure to diligently pursue speed policy discovery. See id.

Plaintiff fails to satisfy the reconsideration standard, as she has not demonstrated a change of law, new evidence, clear error, or manifest injustice. See N.Y.C. Dep't of Soc. Servs.,

709 F.2d at 789.  This Court is making a determination as to discovery, not whether Plaintiff can pursue certain claims in motion practice or at trial.  Plaintiff has made an insufficient showing that she pled a speed-policy claim such that Defendants should have understood Plaintiff's broadly worded discovery requests to encompass system-wide speed issues.  Neither of the cited excerpts from the Notice of Claim and Complaint expressly refers to MTA's general policies regarding train speed.  Instead, they contain allegations that the train that hit Plaintiff entered the station at an "unreasonable," "unsafe," or "excessive" rate of speed.  See id.  Even if Plaintiff had adequately demonstrated that the Notice of Claim or Complaint pled a claim relating to speed policy, she did not, as she argues, "diligently pursue[] the speed policy issues" during the nearly five-year discovery schedule in this case.  See ECF No. 185 at 8.  Pointing to discovery disputes from 2018 that Plaintiff did not bring to the Court's attention until late 2021 is insufficient to demonstrate diligence.  See id. at 6-8.

   After Plaintiff filed her motion for reconsideration, the Court held a telephone conference during which Plaintiff modified her position to argue that she is not affirmatively seeking speed-related discovery to support her claims, but is instead requesting that Defendants be required to produce any documents and information they intend to use in support of any speed-related immunity defense.  See 8/15/2022 Transcript (ECF No. 198) at 30:11-16.  Defendants have an ongoing duty to produce documents and information they may use, and the Court need not order Defendants to comply with the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 26(a)(1)(A)(ii).  Plaintiff's motion for reconsideration is denied.

Dated:  Brooklyn, New York
        December 9, 2022

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge