UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
LUISA JANSSEN HARGER DA SILVA,   :
                                     :
            Plaintiff,          :                        **ORDER**
                                     :
    -against-               :        17 Civ. 4550 (FB) (VMS)
                                     :
NEW YORK CITY TRANSIT AUTHORITY,   :
METROPOLITAN TRANSPORTATION       :
AUTHORITY and RAQIA SHABAZZ,      :
                                     :
           Defendants.       :
------------------------------------------------------------- x

**Vera M. Scanlon, United States Magistrate Judge:**

      Plaintiff moves to compel nonparty STV Inc. to comply with a subpoena for records related to STV's work and analysis of the New York City subways.  See ECF No. 190.  Plaintiff also moves for contempt pursuant to Federal Rule of Civil Procedure 45(g) due to STV's alleged failure to comply the Court's 7/13/2022 order directing STV to make a voluntary production of responsive documents by 7/27/2022.  STV opposes both motions, arguing that it worked diligently to make its voluntary production and that production of the discovery Plaintiff now seeks has become overly burdensome.  See ECF Nos. 194 and 201.  STV seeks an "order protecting STV from having to incur any further significant expense or burden which will be necessary to produce emails responsive to plaintiff's subpoena."  See ECF No 211 at 3.  For the following reasons, Plaintiff's motion to compel is denied; Plaintiff's motion for contempt is denied; and STV's motion for a protective order is denied as moot.

   **A.  Background**

      Plaintiff previously moved to compel STV's compliance with the subpoena at issue here, and STV cross-moved to modify the subpoena.  See ECF Nos. 175, 178.  By Order dated 7/13/2022, the Court denied Plaintiff's motion to compel and granted STV's cross-motion to

modify.  The Court noted that "Plaintiff's subpoena is far too overbroad, and . . . the motion to compel is brought far too late in this action given the upcoming discovery deadlines that have been well known to Plaintiff's counsel."  See 7/13/2022 Order.  The Court quashed the subpoena as to its request for international materials.  See id.  The Court acknowledged that STV "is willing to provide all records related to its work/analysis of the New York City subways."  See id.  The Court stated that, notwithstanding the subpoena's overbreadth and the untimeliness of Plaintiff's motion to compel, the Court would "not interfere with STV's voluntary production."  See id.  The Court directed STV to "make its voluntary production by 7/27/2022."  Id.  Counsel for STV and Plaintiff then corresponded regarding various issues related to the production.  Plaintiff offered to provide thumb drives and hard drives to facilitate the production, and counsel worked together to draft a claw-back/confidentiality agreement.  See ECF Nos. 190-1; 190-2; 194 at 2.

STV did not make its voluntary production by 7/27/2022.  See ECF No. 194 at 1.  Plaintiff filed the instant motion to compel STV to comply with the subpoena and requested an extension of time to complete the Prendergast deposition.  See ECF No. 190.  STV opposed the motion to compel.  See ECF No. 194.  STV stated that it had produced "substantially all the project files related to its work/analysis of the New York City Subways," but that "as a result of the time-consuming process of the file transfer and negotiations pertaining to a claw back/confidentiality agreement, STV's production was necessarily delayed."  See ECF No. 194 at 1.

Without awaiting the Court's ruling on her motion to compel, Plaintiff filed a motion for contempt based on STV's alleged noncompliance with the Court's 7/13/2022 Order.  See ECF No. 199.  Plaintiff stated that STV had produced approximately 70 GB of documents, but that

many of the files were corrupted.  See ECF No. 199 at 1.  Plaintiff alleged that STV had failed to produce "relevant emails demanded in the subpoena, despite the subpoena containing email addresses for 19 STV custodians to be searched, and 23 email addresses of NYCTA/MTA personnel who communicated via email with STV regarding relevant issues."  See id. at 1.  STV opposed the motion for contempt and stated that it had been working diligently to comply with the subpoena but that technical difficulties had delayed production, and that Plaintiff had delayed in providing a list of search terms for the email production.  See ECF No. 201 at 1-2.

Plaintiff then submitted a letter stating that STV had made "a second production of uncorrupted documents (just replacing their original production), but NOT the emails they acknowledge are necessary to respond to our subpoenas."  See ECF No. 209.  Plaintiff reported that a dispute had arisen over who should pay the cost for review and production of emails.  See id.  STV filed a letter stating that it had conducted a search of 40 email custodians for Plaintiff's list of 90 search terms, and that the search had returned 512,634 emails.  See ECF No. 211 at 2.  STV argues that "the significant expense, time, and manpower that will be required to cull through over 500,000 emails so as to ultimately produce responsive emails has become unduly burdensome."  See ECF No. 211 at 3.  STV requests an "order protecting STV from having to incur any further significant expense or burden which will be necessary to produce emails responsive to plaintiff's subpoena."  Id.

Plaintiff filed yet another letter, arguing that STV should bear the cost of review and production, and that because Plaintiff and STV have entered into a confidentiality agreement with a claw-back clause, STV has no basis for withholding the emails.  See ECF No. 212.  That letter also acknowledged that STV had made a second production of project files related to its

work/analysis of the New York City subways that "cure[ed] the problem" of the corrupted files. Id. at 2; ECF No. 194 at 1.

**B. Legal Standards**

Federal District Courts have broad discretion in managing pre-trial discovery, including motions to compel. See Gertskis v. EEOC, 594 F. App'x 719, 722 (2d Cir. 2014). Under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Evidence is relevant if it 'has any tendency to make a fact more or less probable than it would be without the evidence,' and that 'fact is of consequence in determining the action.'" Session v. Rodriguez, 626 F. App'x 329, 332 (2d Cir. 2015) (quoting Fed. R. Evid. 401). Proportionality is assessed based on "(i) the importance of the issues at stake in the litigation; (ii) the amount in controversy; (iii) the parties' relative access to relevant information; (iv) the parties' resources; (v) the importance of discovery in resolving issues; and (vi) whether the burden or expense of the discovery is outweighed by the benefit." Fed. R. Civ. P. 26(b)(1). "A Rule 45 subpoena—like all discovery—must fit within the scope of discovery permitted in a civil case." Allstate Ins. Co. v. All Cty., LLC, No. 19 Civ. 7121 (WFK) (SJB), 2020 U.S. Dist. LEXIS 176297, at *3 (E.D.N.Y. Sep. 22, 2020).

"The party moving to compel the disclosure of information bears the initial burden of demonstrating that the information sought is relevant and proportional." Sportvision, Inc. v. MLB Advanced Media, L.P., No. 18 Civ. 3025 (PGG) (VF), 2022 U.S. Dist. LEXIS 128127, at *3 (S.D.N.Y. July 19, 2022); see O'Garra v. Northwell Health, No. 16 Civ. 2191 (DRH) (AYS), 2018 U.S. Dist. LEXIS 9746, at *15 (E.D.N.Y. Jan. 22, 2018) ("it remains the Plaintiff's burden to show how the requested records are relevant, material and proportional to the claims made").

4

"Once the moving party has shown that the information sought is relevant, the burden shifts to the opposing party to justify curtailing discovery." Sportvision, 2022 U.S. Dist. LEXIS 128127, at *3.

Under Federal Rule of Civil Procedure 45, a Court "may hold in contempt a person who, having been served [with a subpoena], fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Rule 45(g) applies to nonparties who are served with subpoenas. See Perez v. Walmart Inc., No. 21 Civ. 4522 (JMW), 2022 U.S. Dist. LEXIS 168747, at *3 (E.D.N.Y. Sep. 19, 2022). "There are three essential elements which must be established before a party can be held in civil contempt: 1) there must be an order that is clear and unambiguous; 2) the proof of noncompliance with that order must be clear and convincing; and 3) it must be shown that the contemnor has not been reasonably diligent and energetic in attempting to accomplish what was ordered." Id. (citing Schmidt v. Stone, No. 14 Civ. 2519 (RJD) (CLP), 2019 U.S. Dist. LEXIS 119871, at *10 (E.D.N.Y. July 18, 2019)).

A court may enter a protective order prohibiting discovery that falls outside the scope of Rule 26. See Allstate, 2020 U.S. Dist. LEXIS 176297, at *3 (citing Fed. R. Civ. P. 26(c)(1)). Subpoena-issuing litigants must "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and courts must enforce this duty and sanction non-complying litigants. Fed. R. Civ. P. 45(d)(1). Courts must also protect nonparties from "significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii). "Trial courts have broad discretion to determine whether a subpoena imposes an undue burden, but in the case of subpoenas targeted at nonparties, should be particularly sensitive to weighing the probative value of the information sought against the burden of production to the nonparty." In re Novartis & Par Antitrust Litig., No. 18 Civ. 4361 (AKH), 2020 U.S. Dist. LEXIS 106863, at *13-14

(S.D.N.Y. June 18, 2020) (internal citation & quotation omitted).  A nonparty claiming an undue burden must "explain the manner and extent of the burden, as well as the consequences of compliance."  Id. at *14 (internal quotation marks omitted).

### C. Discussion

#### a.  Plaintiff's Motion To Compel

Plaintiff has not met her prima facie burden of showing that she is entitled to additional discovery from STV.  Plaintiff's motion does not specifically identify documents or information she seeks, and instead seeks compliance with the subpoena in general.  See ECF No. 190. Plaintiff argues that "the Court ordered STV to comply with the subpoena by July 27, 2022" and that STV "refused to comply with this Court's Order."  Id. at 1-2.  Plaintiff misconstrues the Court's 7/13/2022 Order.  That Order merely set a timeline for production of documents that STV had voluntarily agreed to produce.  The Order acknowledged that STV "is willing to provide all records related to its work/analysis of the New York City subways," and instructed STV to make its voluntary production by 7/27/2022.  See 7/13/2022 Order.  The Court noted that "Plaintiff's subpoena is far too overbroad," and that Plaintiff brought her motion to compel "far too late in this action given the upcoming discovery deadlines that have been well known to Plaintiff's counsel."  See id.  Nevertheless, the Court declined to "interfere with STV's voluntary production."  See id.

In its opposition to Plaintiff's motion to compel, STV acknowledged that its voluntary production was not complete, stating that it had produced "substantially all the project files related to its work/analysis of the New York City subways," but that a "small number of files" still needed to be produced.  ECF No. 194 at 1.  Plaintiff later acknowledged that STV "finally provided a second production of uncorrupted documents," which "cure[ed] the problem."   ECF

No. 209 at 3; ECF No. 212 at 2.  Plaintiff's motion to compel does not identify any specific outstanding documents that it seeks to compel, and Plaintiff has made no attempt to meet her burden of showing that such documents are relevant and proportional to the needs of the case.  In the same vein, but at an even greater deficit, is Plaintiff's request for STV's emails.  Plaintiff has not made any showing that the communications leading up to and around the reports STV produced are relevant or necessary for Plaintiff's case.

Of note, Plaintiff has not shown these communications that allegedly involve communications with employees of Defendant were not available from Defendant.  The Court has already permitted years of email-related discovery.  See, e.g., Order of 10/29/2020, requiring a schedule of Defendant's email discovery production; Order of 2/24/2021, requiring Defendant to conclude email discovery.  Yet, Plaintiff only initiated the STV discovery subpoena in 2022.  It would be unreasonable in light of previous discovery to permit Plaintiff to continue to seek emails from a nonparty.  Plaintiff's motion to compel is denied.

### b.  Plaintiff's Motion For Contempt

Plaintiff has failed to establish a basis for holding STV in contempt.  With respect to the first and second elements of the contempt analysis, Plaintiff has not shown that STV failed to comply with an Order that clearly and unambiguously directed STV to produce the documents she now seeks.  See Perez, 2022 U.S. Dist. LEXIS 168747, at *3.  Plaintiff's motion for contempt states that "STV has failed to comply with the subpoena duces tecum and this Court's July 13, 2022 Order."  See ECF No. 199 at 1.  Plaintiff specifically takes issue with STV's refusal "to produce relevant emails demanded in the subpoena."  See id.  Once again, Plaintiff mischaracterizes the scope of the Court's 7/13/2022 Order.  The Order did not compel production of specific documents, but instead merely set a deadline for STV's voluntary

7

production.  See 7/13/2022 Order.  To the extent that STV is not willing to voluntarily produce emails responsive to Plaintiff's list of search terms due to the burden or cost of doing so, those emails are not within the scope of the Order.

As to the third element, Plaintiff has not shown that STV was not diligent in attempting to comply with the Order.  While STV concedes that it failed make its voluntary production by the Court's deadline, it explained that that it was diligent in attempting to comply with the Order, and voluntarily produced nearly 100 GB of data.  See ECF No. 201 at 1.  Plaintiff concedes that STV communicated with Plaintiff "numerous times . . . regarding search terms and their computer system's search capabilities."  ECF No. 199 at 1.  Plaintiff also concedes that STV initially produced approximately 70 GB of data, then made a second production to cure technical difficulties with the first production.  See ECF No. 212 at 2.  These facts do not demonstrate that STV "has not been reasonably diligent and energetic in attempting to accomplish what was ordered."  See Perez, 2022 U.S. Dist. LEXIS 168747, at *3.  Plaintiff's motion for contempt is denied.

### c.  STV's Motion For A Protective Order

STV states that Plaintiff's insistence on STV's production of over 500,000 emails at STV's expense has become overly burdensome, and requests that the Court "enter an order protecting STV from having to incur any further significant expense or burden which will be necessary to produce emails responsive to plaintiff's subpoena."  See ECF No. 211 at 3.  The Court notes that Plaintiff's request that a nonparty produce, at its own expense, over 500,000 emails is unduly burdensome.  Plaintiff is under an obligation to "take reasonable steps to avoid imposing undue burden or expense" to STV, on pain of sanctions.  Fed. R. Civ. P. 45(d)(1).  The Court is obligated to protect STV, a nonparty, from "significant expense resulting from

compliance" with the subpoena.  Fed. R. Civ. P. 45(d)(2)(B)(ii).  Based on the Court's prior orders and its denial of Plaintiff's motions to compel and for contempt, however, STV is not under an obligation to make any involuntary production in response to the subpoena.  STV's motion for a protective order is therefore denied as moot.

### D. Conclusion

For the foregoing reasons, Plaintiff's motion to compel is denied; Plaintiff's motion for contempt is denied; and STV's motion for a protective order is denied as moot.

Dated:  Brooklyn, New York
       December 9, 2022

                             *Vera M. Scanlon*
                                VERA M. SCANLON
                       United States Magistrate Judge