UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
LUISA JANSSEN HARGER DA SILVA,

                Plaintiff,

   - against -

NEW YORK CITY TRANSIT AUTHORITY,
METROPOLITAN TRANSPORTATION
AUTHORITY, and RAQIA SHABAZZ,

                Defendants.
-----------------------------------------------------X

**DECLARATION IN OPPOSITION
TO MOTION FOR SANCTIONS**

17-cv-04550(FB)(VMS)

Eric Jones declares pursuant to 28 U.S.C. § 1746:

1. I submit this Declaration in opposition to plaintiff's motion for sanctions.

2. I am the Vice President & Deputy Business Unit Lead – Systems Business Unit, for the Metropolitan Transportation Authority (MTA) Construction & Development unit.

3. I have been employed by MTA/NYCTA since 1994 and have held several titles during that time, including Environmental Protection Specialist, Project Administrator, Construction Administrator, Construction Manager, Program Manager and Program Officer. Recently, I was a member of the Track Trespassing Task Force.

4. In November, 2022, I was first contacted by counsel for New York City Transit Authority (NYCTA) to discuss several issues relating to the above-captioned matter.

5. On November 21, 2022, I had my first TEAMS meeting with counsel for NYCTA to discuss my knowledge of several issues that I was told was related to the above-captioned matter.

4865-8527-9317v.3

6. Following the meeting with counsel, my appearance as a deposition witness for MTA and NYCTA was requested; I agreed to the request. Then, I was told that my deposition would be held on February 2, 2023. I was later advised that the deposition would be re-scheduled for February 7, 2023.

7. On December 16, 2022, I had an over two-hour TEAMS meeting with counsel for NYCTA to again discuss my knowledge of several issues that I was told was related to the above-captioned matter.

8. On February 3, 2023, I had a three-hour TEAMS meeting with counsel for NYCTA to again discuss my knowledge of several issues that I was told was related to the above-captioned matter.

9. I have recently been provided with a document titled "Notice of Deposition Pursuant to Rule 30(b)(6)" for the deposition of Belk, Inc. ("Notice"). I have been told this document lists the topics that I was supposed to be questioned about at my deposition.

10. During my meetings with counsel for NYCTA in preparation for my deposition, we discussed all the topics listed in the Notice. Although I was not shown the document directly during my meetings with counsel, all topics were referenced and discussed during our meetings.

11. I had personal knowledge of several of the topics identified in the Notice. On other topics, although they may not have been related to my job responsibilities, I had anecdotal knowledge based on previous conversations with my colleagues as well as my general awareness of Transit's programs and projects and procedures I garnered during my tenure with MTA/NYCTA.

12. I also reviewed documents that I had personal access to along with documents provided by counsel.

4865-8527-9317v.3

13. During my deposition and in response to several questions, I told plaintiff's counsel that I had knowledge of certain areas but was not personally involved with those tasks. I did so to distinguish the knowledge I received anecdotally (*e.g.*, from reading documents that were not part of my work) with the topics that I was personally involved (*e.g.*, the Track Trespassing Task Force). My testimony consisted of the knowledge I obtained from both sources.

14. At the end of the first day of testimony, my attorney told plaintiff's counsel that I could return the next day (February 8th) to finish the deposition. However, the offer was rejected, and I returned on February 14, 2023 to complete my testimony.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 16, 2023
New York, NY

_____
Eric Jones