```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
LUISA JANSSEN HARGER DA
SILVA,

                Plaintiff,
                                            MEMORANDUM AND ORDER
      -against-                             Case No. 17-CV-4550-FB-VMS

NEW YORK CITY TRANSIT
AUTHORITY, METROPOLITAN
TRANSPORTATION AUTHORITY,
and RAQIA SHABAZZ,

                Defendants.
--------------------------------------------------x
```

*Appearances:*

*For the Plaintiff:*  
DAVID A. ROTH  
Roth & Roth LLP  
192 Lexington Avenue, Suite 802  
New York, New York 10016

*For the Defendants:*  
ANDREW P. KEAVENEY  
Landman Corsi Ballaine & Ford P.C.  
120 Broadway, 13th Floor  
New York, New York 10271

**BLOCK, Senior District Judge:**

The plaintiff in this diversity action was seriously injured when she fell onto a subway platform and was struck by an oncoming train. The accident occurred in August 2016 and suit was filed a year later. The parties have spent the six years since then locked in an all-consuming pretrial battle that has yielded, in Magistrate Judge Scanlon's estimation, "tens of thousands of pages, [and] even possibility hundreds of thousands of pages, of discovery." Elec. Order (Jan. 20, 2023).

1

Magistrate Judge Scanlon has addressed the discovery schedule "more than two dozen times," *id.*, and granted numerous extensions. She eventually set January 16, 2023, as the final deadline for fact and expert discovery, warning the parties "not [to] assume that the Court will approve extensions given the age of the case and volume of discovery already produced," Elec. Order (July 11, 2022), and urging them to move on to substantive issues.

Three days before the January 16th deadline, the plaintiff moved for a "short three-month extension." Ltr. from Elliott Shields (Jan. 13, 2023). She argued that it had not been possible to schedule certain depositions until Magistrate Judge Scanlon had ruled on various motions relating to the scope of those depositions.

On January 20, 2023, Magistrate Judge Scanlon grated the motion in part, in that she allowed the depositions to take place despite being scheduled to take place after the January 16th deadline. In addition, she modified the deadlines for expert discovery. However, she denied the motion in all other respects: "[N]o additional fact discovery is allowed." Elec. Order (Jan. 20, 2023).

The plaintiff objects to the portion of Magistrate Judge Scanlon's order denying additional fact discovery. Pursuant to Federal Rule of Civil Procedure 72(a), "[t]he district judge in the case must consider timely objections and modify

2

or set aside any part of the order that is clearly erroneous or is contrary to law."[1] An order is "clearly erroneous" if the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (internal quotation marks omitted).

The plaintiff argues extensively—and with some justification—that the defendants have unnecessarily protracted the discovery process. Be that as it may, her reason for requesting a further extension was that the scheduling of depositions was delayed by disputes about the scope of those depositions. As Magistrate Judge Scanlon cogently explained, those disputes left open many other areas of inquiry and were, in any event, resolved against the plaintiff. *See* Elec. Order (Jan. 20, 2023) ("[T]he issues in those motions related to speed, recent track-entry reports, and STV documents that Plaintiff had no right to expect would be produced."). Subsequent events have confirmed that reasoning: the parties have now completed fact and expert discovery and are finally ready to move forward with dispositive motions for summary judgment, all without any apparent prejudice to the plaintiff.[2]

---

[1] The rule requires objections to be filed and served within 14 days after entry of the order. *See* Fed. R. Civ. P. 72(a). Although the plaintiff's objections were filed ten days beyond this deadline, the Court excuses the untimeliness.

[2] The plaintiff has moved for sanctions regarding defendans' Rule 30(b)(6) witness and moved to strike defendants' rebuttal expert reports. Those motions remain pending and are unrelated to Magistrate Judge's Scanlon's denial of additional fact discovery.

In sum, the Court finds no error—let alone clear error—in Magistrate Judge Scanlon's decision. It entirely agrees that discovery has gone on far too long and has resulted in more than ample material to allow the parties to fully develop their theories of liability and defense. Accordingly, the plaintiff's objections to the electronic order of January 20, 2023, are overruled.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　_/S/ Frederic Block_____
　　　　　　　　　　　　　　　　　　　　　FREDERIC BLOCK
　　　　　　　　　　　　　　　　　　　　　Senior United States District Judge

Brooklyn, New York
July 27, 2023