UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
LUISSA JANSSEN HARGER DA SILVA,    :
        :
        Plaintiff,    :
        :        **ORDER**
    -against-    :
        :        17 Civ. 4550 (FB) (VMS)
NEW YORK CITY TRANSIT AUTHORITY,    :
METROPOLITAN TRANSPORTATION    :
AUTHORITY, and RAQIA SHABAZZ,    :
        :
        Defendants.    :
-------------------------------------------------------- x

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff Luissa Janssen Harger Da Silva requests sanctions against Defendants New York City Transit Authority ("NYCTA"), Metropolitan Transportation Authority ("MTA"), and Raqia Shabazz for producing an "unknowledgeable, unprepared and evasive" Rule 30(b)(6) witness and seeks an Order "precluding the Defendants from disputing or contradicting [the witness's] testimony," adverse inferences, and resolution of "certain issues in accordance with documents previously exchanged by Defendants in discovery and other testimony previously given by Defendants."  See ECF No. 222.  Defendants opposed the motion.  See ECF Nos. 223, 224, 225.  Plaintiff replied.  See ECF No. 226.  For the following reasons, Plaintiff's motion is denied.

## I.  Background

Plaintiff initiated this action over six years ago, in August 2017.  See ECF No. 1.  During the course of the litigation, Defendants produced 60,000 pages of documents and 15 witnesses for deposition, including a former president of NYCTA and a former chairman and chief executive of the MTA, resulting in over 4,000 pages of testimony.  See ECF No. 206 at 2; 225 at 1.

1

In April 2022, after Plaintiff had already taken nine fact depositions, including a Rule 30(b)(6) deposition of Rick Ryan, Chief Officer of the MTA's Department of Information Technology Infrastructure, see ECF No. 97 at 5, Plaintiff sought leave to exceed the deposition number and time limitations set forth in Rule 30, "conservatively estimat[ing] that 30-40 depositions would not be unreasonable." See ECF No. 168. The Court permitted Plaintiff to depose "up to fifteen witnesses given the breadth of issues in this case" and denied Plaintiff's request to exceed the seven-hour deposition limitation. See 5/26/2022 Order. The Court further stated that "[c]ounsel have been directed to discuss these issues several times, including most recently in the Court's 3/10/2022 Order" and that "[g]iven the impending close-of-fact discovery date, counsel must expeditiously schedule and conduct the depositions." See id.

On July 8, 2022, nearly five years after initiating this action, Plaintiff stated her intention to serve a second Rule 30(b)(6) deposition notice, stating that "Plaintiff will now be required to serve a detailed Rule 30(b)(6) notice to depose a witness with knowledge of all the different elements and aspects of the varied departments subdivisions and disciplines which are also part and parcel of all of their defenses including their immunity defenses." See ECF No. 179 at 2. The Court issued an Order stating, inter alia,

> As to a 30(b)(6) witness, Plaintiff must serve such notice by 7/22/2022. Plaintiff is cautioned that the notice must be clear and concise. The possibility of a 30(b)(6) witness has been discussed since at least the fall of 2020; Plaintiff should be prepared to serve the notice promptly. See Orders dated 10/29/2020, 9/11/2020, 3/18/2020. In particular, counsel were directed to confer as to their deposition issues by the Court's 3/10/2022 Order. There is no good cause for the delay suggested in Plaintiff's letter.

See 7/11/2022 Order.

On July 22, 2022, Plaintiff served a Rule 30(b)(6) Notice on Defendants. The Notice far exceeded the scope of the institutional information referred to in Plaintiff's July 8, 2022 letter,

2

namely the "elements and aspects of the varied departments[,] subdivisions and disciplines" relating to Defendants' defenses.  See ECF No. 179 at 2.  The Notice identifies 11 general categories and 32 topics, many containing subtopics, about which Plaintiff sought to take testimony, including, inter alia, specific knowledge as to platform edge barriers, track intrusion technologies, signage programs, announcements and other safety measures to reduce injuries; fleet purchasing, homogenizing the subway fleet and train door configurations; obligations for reporting to oversight agencies and the information, documents and records required to be provided in connection with reporting; costs; budget; speed policies, safety programs and reports related to speeds of trains entering stations; hazard analysis/investigation; system safety program plans; feasibility studies for platform edge barriers; and ADA requirements for the subway system.  See Roth Decl. Ex. A, ECF No. 222-3.

Defendants designated Eric Jones, Vice President & Deputy Business Unit Lead – Systems Business Unit for the MTA Construction & Development Unit, as their 30(b)(6) witness.  See ECF No. 224 ¶ 2.  Mr. Jones has been employed by the MTA since 1994 and has served in several different roles, including Environmental Protection Specialist, Project Administrator, Construction Administrator, Construction Manager, Program Manager and Program Officer, and a member of the Track Trespassing Task Force.  See id. ¶ 3.  In the months leading up to his deposition, Mr. Jones met with Defendants' counsel on three occasions, including an over-two-hour meeting and a three-hour meeting.  Id. ¶¶ 5-8.  During the meetings, Defendants' counsel discussed with Mr. Jones all of the categories listed in the Notice of Deposition but did not show Mr. Jones the Notice of Deposition.  Id. ¶ 10.  Mr. Jones asserts that he has personal knowledge of several of the topics in the Notice of Deposition and anecdotal knowledge of other topics.  See id.

3

Plaintiff deposed Mr. Jones for seven hours across two nonconsecutive days, on February 7, 2023 and February 13, 2023.  See generally ECF No. 223-1.  Following the deposition's completion, Plaintiff filed the instant motion for sanctions, arguing that Mr. Jones was unprepared, based on, inter alia, his lack of familiarity with the "Platform Screen Door Task Force"; his lack of knowledge about specific topics, such as specific studies the Transit Authority conducted, specific requests for funding, and specific studies of the costs of litigation; and his inability to recall specific facts, such as the specific percentage of subway stations that are ADA compliant, the "total cost" of the Second Avenue Subway, the "final cost" of the Fulton Center.  See ECF Nos. 222-1 at 6-7; 222-2 ¶ 17.

Plaintiff seeks "preclusion of any witnesses (including experts) or other evidence offered to clarify, dispute or contradict Jones' testimony on the topics identified in the 30(b)(6) notice" and adverse inferences for all questions to which Mr. Jones responded that he did not have personal knowledge.  See ECF No. 222-1 at 17; 222-2 ¶ 22.  Plaintiff  also argues that she has been prejudiced because Defendants "refus[ed] to identify what records Jones reviewed in preparation for his deposition and in doing so precluded Plaintiff from questioning Defendants' 30(b)(6) witness on the very records he reviewed for his deposition."  See ECF No. 222-1 at 20.

Defendants opposed Plaintiff's motion, arguing that Mr. Jones was sufficiently prepared, having "spent several hours reviewing documents in his possession; discussed all the topics with Defense counsel over the course of three days; and reviewed additional documents collected by counsel."  See ECF No. 225 at 4-5.  Defendants argue that any difficulty Mr. Jones had in answering questions was attributable to Plaintiff's counsel's "asking question [sic] covered by other witnesses and reflected in exchanged documents, something defense counsel believed would not be done."  See ECF No. 225 at 5.  Defendants further argue that Plaintiff "was not

interested in gathering information or high-level policy positions" and instead "expected encyclopedic knowledge of topics which had already been testified to by multiple Transit witnesses." See id. at 8.  Defendants argue that Plaintiff's motion for sanctions is procedurally improper because Plaintiff filed her motion before giving Mr. Jones the opportunity to review and sign the deposition transcript, never raised Mr. Jones's purported unpreparedness with Defendant's counsel during the course of the two-day deposition, and failed to seek to resolve the discovery dispute in good faith prior to filing the motion.  See id. at 9.

In reply, Plaintiff argues, inter alia, that Defendants' opposition demonstrates that they willfully failed to sufficiently prepare Mr. Jones properly on the "numerous topics" listed in her 30(b)(6) notice, and Defendants "made the tactical decision to produce just one corporate designee."  ECF No. 226 at 3.

**II.  Legal Standards**

Federal Rule of Civil Procedure 30(b)(6) permits a party to name as a deponent a corporation, government agency or other entity and requires that the party "describe with reasonable particularity the matters on which examination is requested."  Fed. R. Civ. P. 30(b)(6).  "The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify."  Id.  The "persons designated [by the given organization] must testify about information known or reasonably available to the organization."  Id.  The serving party and organization must promptly "confer in good faith about the matters for examination."  Id.

A Rule 30(b)(6) witness is distinct from a fact witness about a plaintiff's particular case because "whereas an individual person may testify as a fact witness, her testimony on the same

5

subject matter pursuant to Rule 30(b)(6) binds the corporation," and a Rule 30(b)(6) witness may elaborate on corporate policies and practices about which the witness lacks personal knowledge. See In re Evenstar Master Fund SPC for & on behalf of Evenstar Master Sub-Fund I Segregated Portfolio, No. 20 Misc. 418 (CS) (JCM), 2021 WL 3829991, at *14–15 (S.D.N.Y. Aug. 27, 2021) aff'd 2021 WL 5498283, at *1 (S.D.N.Y. Nov. 23, 2021).  "Rule 30(b)(6) witnesses need not have personal knowledge concerning the relevant subject matters."  Safeco Ins. Co. of Am. v. M.E.S., Inc., No. 09 Civ. 3312 (PKC) (VMS), 2016 WL 5477585, at *5 (E.D.N.Y. Sept. 29, 2016).  However, "if witnesses designated pursuant to Rule 30(b)(6) lack personal knowledge concerning the matters set out in the deposition notice, then the [entity] is obligated to prepare them so that they may give knowledgeable answers." Bigsby v. Barclays Cap. Real Est., Inc., 329 F.R.D. 78, 80–81 (S.D.N.Y. 2019) (cleaned up).

"Like other forms of discovery, a Rule 30(b)(6) Notice is subject to limitations under Rule 26[.]"  Dongguk Univ. v. Yale Univ., 270 F.R.D. 70, 72 (D. Conn. 2010).  Rule 26 requires that the Court limit the frequency or extent of discovery if it determines that

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

"'The deposition topics must be relevant to any party's claim or defense' and, in addition to being described with reasonable particularity, 'should be proportional to the needs of the case [and] not unduly burdensome or duplicative[.]'"  Mirlis v. Edgewood Elm Hous., Inc., No. 3:19 Civ. 700 (CSH), 2023 WL 5981066, at *3 (D. Conn. Sept. 14, 2023) (quoting Bigsby v. Barclays

Cap. Real Est., Inc., 329 F.R.D. 78, 81 (S.D.N.Y. 2019)).  Parties deposing a Rule 30(b)(6)

witness must ask questions about topics with "reasonable particularity" and may not be vague or

overbroad in the information they seek.  Winfield v. City of New York, No. 15 Civ. 05236 (LTS)

(KHP), 2018 WL 840085, at *5 (S.D.N.Y. Feb. 12, 2018); see Oakley v. Fed'n Emp. &

Guidance Servs., Inc., No. 10 Civ. 7739 (JSR), 2011 WL 2946133, at *3 (S.D.N.Y. July 12,

2011) (courts should consider if questions asked during a Rule 30(b)(6) deposition are

"objectionable as argumentative, compound, confusing, or otherwise improper").

"Rule 30(b)(6) is not designed to be a memory contest."  Equal Emp. Opportunity

Comm'n v. Am. Int'l Grp., Inc., No. 93 CIV. 6390 (PKL) (RLE), 1994 WL 376052, at *3

(S.D.N.Y. July 18, 1994). "Rule 30(b)(6) does not require the organization to be pressed into the

role of a private investigator for the plaintiff."  TL Constr. Mgmt., LLC v. City of Green Bay,

No. 19-C-1077, 2020 WL 7698374, at *2 (E.D. Wis. Dec. 28, 2020) (granting motion to quash

Rule 30(b)(6) deposition where the plaintiff "had ample opportunity to obtain the information

through discovery in the action").

Rule 37(d)(1)(A)(i) authorizes sanctions where the Rule 30(b)(6) witness is so

unprepared that it is "tantamount to a failure to appear."  See Crawford v. Franklin Credit Mgmt.

Corp., 261 F.R.D. 34, 38-39 (S.D.N.Y. 2009) (citations omitted).  A party seeking sanctions for

an unprepared Rule 30(b)(6) witness must show that the deponent's inability to testify was

"egregious and not merely lacking in desired specificity in discrete areas."  See Fashion Exch.

LLC v. Hybrid Promotions, LLC, No. 14 Civ. 1254 (SHS) (OTW), 333 F.R.D. 302, 308

(S.D.N.Y. Sept. 26, 2019) (quoting Zappia Middle East Constr. Co. v. Emirate of Abu Dhabi,

No. 94 Civ. 1942 (DC) (denying sanctions)); Crawford v. Franklin Credit Mgmt Corp., 261

F.R.D. 34, 39 (S.D.N.Y. 2009) (same).  Even when there is deficient Rule 30(b)(6) testimony,

"courts are reluctant to award sanctions ... when counsel fail to make a good faith effort to resolve the deficiencies or when the application for sanctions appears tactically motivated." First Hill Partners, LLC v. BlueCrest Cap. Mgmt. Ltd., No. 13 Civ. 7570 (RJS), 2015 WL 13885012, at *1 (S.D.N.Y. July 7, 2015) (quoting Agniel v. Cent. Park Boathouse LLC, No. 12 Civ. 7227 (NRB), 2015 WL 463971, at *2 (S.D.N.Y. Jan. 26, 2015)).

## III. Discussion

### a. Sanctions

Plaintiff's motion borders on being frivolous.  Plaintiff is not entitled to the sanctions she seeks in connection with Mr. Jones's Rule 30(b)(6) deposition, especially in light of the history and age of this case, the voluminous discovery already produced, the numerous depositions taken, and the Court's numerous orders cautioning the parties that discovery must be timely completed and appropriately tailored to the relevant issues.  First, the Court finds that Plaintiff's notice of deposition and the deposition itself exceed the proportionality limitations of Rule 26 and this Court's Orders.  The Court cautioned Plaintiff's counsel that the Rule 30(b)(6) deposition must be clear and concise, and reminded Plaintiff's counsel of the lateness of the deposition, noting that the Rule 30(b)(6) deposition had been discussed since 2020.  See 7/11/2022 Order.  Notwithstanding that directive, Plaintiff's Rule 30(b)(6) Notice was extremely broad and demanded that Defendants produce a witness or set of witnesses possessing factual knowledge relating to 11 general categories, 32 topics, and several subtopics, the majority of which could and should have been (and almost certainly was) explored during the over-five-year discovery timeline in this case, through both document and deposition discovery.  See ECF No. 222-3.  On its face, Plaintiff's Rule 30(b)(6) Notice appears to be an effort to conduct discovery regarding the entire case rather than a targeted attempt to obtain information about the MTA's

organizational structures, policies and procedures.  This overbroad Notice appears to have been an effort to circumvent the Court's deposition limitation.

Second, Plaintiff has failed to demonstrate that Mr. Jones's testimony "egregious and not merely lacking in desired specificity in discrete areas," and has therefore failed to meet Plaintiff's burden of establishing that sanctions are warranted.  See Fashion Exch., 333 F.R.D. at 308.  Mr. Jones has been working at MTA for nearly 30 years, and he has served in numerous roles at the MTA, including serving as a member of the Track Intrusion Task Force.  See ECF No. 224 ¶ 2.  He testified for seven hours.  His testimony demonstrates that he was prepared for and answered relevant questions regarding the litigation.  Plaintiff is therefore not entitled to the preclusion sanctions she seeks.

Third, Plaintiff has failed to demonstrate that she is entitled to adverse inferences for questions that Mr. Jones stated that he was unable to answer.  The Court has reviewed the 83 questions and answers for which Plaintiff requests adverse inferences.  Many of the questions were inappropriate in the context of—and appear to misapprehend the purpose of—a Rule 30(b)(6) deposition.  In the presented questions, Plaintiff repeatedly sought Mr. Jones's affirmative or negative admissions of specific facts that Plaintiff could have or should have explored and confirmed through document discovery and other depositions.  In fact, Plaintiff admits that documents and information she previously obtained during discovery establish the facts for which she seeks adverse inferences, stating that "any and all inferences and facts to be resolved as requested are what the testimony and documents have revealed."  Id. at 17 n.9. Plaintiff argues that the requests "are based on Plaintiff's good faith belief consistent with all evidence and testimony produced to date."  ECF No. 222-2 at 21.  Plaintiff is not entitled to adverse inferences based on Mr. Jones's inability to answer poorly worded questions seeking

specific factual information that Plaintiff had over five years to explore and that are inappropriate in the context of a Rule 30(b)(6) deposition.  Her request for adverse inferences is denied.

### b.  Plaintiff's Entitlement To Documents Mr. Jones Reviewed In Preparation

Plaintiff argues that Defendants failed to produce the documents that Mr. Jones reviewed in preparation for the deposition and that, due to the Court's Order prohibiting the parties from making post-deposition document demands, she has been prejudiced by that failure.  See ECF No. 222-1 at 19-22; 1/20/2023 Order.

Federal Rule of Evidence 612 provides that when a witness uses a writing to refresh his memory before testifying, the adverse party is entitled to have the writing produced at the hearing if the Court determines that justice so requires.  See Fed. R. Evid. 612.  "When a witness'[s] memory is refreshed, the opposing party is 'entitled to a full opportunity to establish the extent to which the document has been reviewed by and has assisted witnesses.'"  Aviles v. S&P Glob., Inc., 583 F. Supp. 3d 499, 505 (S.D.N.Y. 2022) (quoting Auscape Int'l v. Nat'l Geographic Soc'y, No. 92 Civ. 6441 (LAK), 2002 WL 31250727, at *2 (S.D.N.Y. Oct. 8, 2002)).  "However, if a witness reviews documents prior to the deposition, instead of using them to refresh their memory during the deposition itself, disclosure is only required where the court in its discretion determines it is necessary in the interests of justice."  Aviles, 583 F. Supp. 3d at 505.  "Thus, a party must meet three conditions before it may obtain documents used by a witness prior to testifying: '1) the witness must use the writing to refresh his memory; 2) the witness must use the writing for the purpose of testifying; and 3) the court must determine that production is necessary in the interests of justice.'"  Id. (quoting Sporck v. Peil, 759 F.2d 312, 317 (3d Cir. 1985)).

That Plaintiff failed to comply with Rule 30(b)(6) and the Court's related Orders did not give rise to any failure on Mr. Jones's part.  Plaintiff is correct that the Court prohibited post-deposition document discovery, but is incorrect that she has been prejudiced.  Even if Plaintiff were permitted to obtain post-deposition document discovery, she would not be entitled to production of Mr. Jones's preparation documents, because she has not established that Mr. Jones used any as-yet-unproduced documents to refresh his memory, and the Court does not find that production is necessary in the interests of justice.  See Fed. R. Evid. 612.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion is denied.

Dated: Brooklyn, New York
       November 20, 2023

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge