# LANDMAN CORSI BALLAINE & FORD P.C.

A NEW YORK PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

120 BROADWAY

13TH FLOOR

NEW YORK, NEW YORK 10271

TELEPHONE (212) 238-4800

FACSIMILE (212) 238-4848

www.lcbf.com

ANDREW P. KEAVENEY
MEMBER
TEL: (212) 238-4833
EMAIL: akeaveney@lcbf.com

One Gateway Center
22nd Floor
Newark, NJ 07102
Tel: (973) 623-2700

One Penn Center
1617 JFK Boulevard, Suite 955
Philadelphia, PA 19103
Tel: (215) 561-8540

300 Delaware Avenue
Suite 210
Wilmington, DE 19801
Tel: (302) 514-6901

March 18, 2024

*Via ECF*
Hon. Frederic Block, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *Luisa Janssen Harger Da Silva v. New York City Transit Authority, et al.*
      **Civ. Action No.:  17-CV-04550 (FB)(VMS)**

Dear Judge Block:

  We represent defendants New York City Transit Authority, Metropolitan Transportation Authority, and Raqia Shabazz in the above referenced matter and we are submitting this letter motion to strike, and in opposition to, plaintiff Luisa Jansen Harger DaSilva's motion for leave to file *eight additional* pages of briefing (that supplements her 32-page memorandum of law in opposition, 86-page counter statement of fact, and 8-page attorney declaration with 78 exhibits) related to the discrete issue of whether Defendants are entitled to immunity on the installation of platform barriers at the subject station.

  Under the guise of a "motion for leave to file a sur-reply," Plaintiff raises multiple arguments, all of which were either *previously raised* or *could have been raised* in her initial opposition papers. Plaintiff's gambit is thinly veiled. She: (1) fails to mention, or even reference, the narrow confines of the rule allowing a party leave to file a sur-reply; (2) fails to identify *any* "new arguments" or "new issues" that Defendants allegedly raised in their reply papers (because there are none); and (3) raises arguments well beyond those related to the alleged "new issue" of post-accident installation of fixed guardrails at stations *other than the one at issue in this case*. Accordingly, Plaintiff's motion should be denied.

  Defendants also move to strike Plaintiff's motion because she continues to ignore the Federal Rules of Civil Procedure, the Eastern District's Local Rules, and this Court's individual rules.[1]  Plaintiff's filed her "motion for leave" - - which itself reads as her sur-reply (and, in fact,

---

[1] *See, e.g.,* December 4, 2023 Text Order (noting that Plaintiff filed a reply "in violation of this Court's Individual

LANDMAN CORSI BALLAINE & FORD P.C.

Hon. Frederic Block, U.S.D.J.
March 18, 2024
Page 2

repeats many of the arguments contained in her "proposed sur-reply") *alongside the very document she sought leave to file*. Doing so circumvented the entire reason for seeking leave, which is *to avoid placing the document before the court* to avoid any question of whether the document was considered, should leave be denied.

I. **Plaintiff fails to satisfy the standard for leave to file a sur reply.**

On September 15, 2023, Defendants submitted the agreed upon briefing schedule for their motion for summary judgment. (ECF Doc. No. 235). The briefing schedule did not contemplate sur-replies. (*Id*.) As such, absent Defendants' consent, it was up to Plaintiff to seek Court permission to serve and file a sur-reply. *See* Joint Loc. Civ. R. 7.1(d); *see also* Judge Block's 2/14/24 text order. However, such authorization should not regularly be granted "because such procedure has the potential for placing the court in a position of refereeing an endless volley of briefs" (*Preston Hollow Cap. LLC v Nuveen asset Mgmt LLC*, 434 F.R.D. 460, 465 (S.D.N.Y. 2023) (citation omitted). Indeed, "[s]ur-replies are appropriate only in the exceptionally rare case where a party demonstrates" that the movant's reply "raises new issues which are material to the disposition of the question before the court" (*Cunningham v. Lupis*, 2024 WL 811849, at * 6 [D.Ct. Feb. 26, 2024]). Here, Plaintiff raises no such issues.

Defendants do not dispute that Transit initiated pilot testing of fixed guardrails by installing them at select stations - - ***none of which are at-issue in this case*** - - approximately two days after Plaintiff filed her opposition papers. But Defendants did not address these fixed guardrails in their reply papers. Why would they? The installation occurred almost *eight years after Plaintiff's 2016 accident*.

Moreover, according to a contemporaneous MTA press report regarding the installation:

The Metropolitan Transportation Authority (MTA) today announced that MTA New York City Transit has installed barriers at the edge of the platform at the 191 St. Station as part of a platform safety pilot program. The 191 St Station is the first of four stations (West 8 St - NY Aquarium Station, Clark St Station, and a fourth station that is to be determined) to install these barriers. New York City Transit will study this program to determine if the concept could be scaled up.

This pilot program is part of a larger effort by New York City Transit to advance safety by preventing intrusion onto the tracks*, which was the focus of the track trespassing task force which has released a report on track intrusion and potential solutions 20 months ago*. New York City Transit last year deployed safety barriers in the center of platforms at three stations and is monitoring for effectiveness.

---

Rules"). Although this was the first time the Court rebuked such conduct, a review of the docket reveals Plaintiff routinely "feels compelled" to file, without leave, replies in support of letter motions. *See* Hon. Vera Scanlon, U.S.M.J. individual rules at III(b).

LANDMAN CORSI BALLAINE & FORD P.C.

Hon. Frederic Block, U.S.D.J.
March 18, 2024
Page 3

See Ex. "A" [emphasis added].

Plaintiff was aware of the track trespassing task force report referred to in the press release as early as February 25, 2022 during discovery (*see* ECF Doc. No. 166-3). The full report, which was an exhibit to Defendants' motion (Ex. DDD), provided:

> The MTA has also considered the possibility of installing barriers and fences on station platforms, which are significantly smaller interventions that do not provide the full protection of PSD. While these smaller interventions might be helpful in preventing certain track intrusions, MTA safety experts are concerned that they may risk causing injuries, for instance in the event that a passenger gets caught in a train door and is dragged down the platform. In consideration of both the potential benefits and drawbacks of this intervention, the MTA is initiating a full hazard assessment in order to make a fully informed decision on its merits.

(*Id*. at pg. 41.)

Defendants' pilot testing of fixed barriers is consistent with the above and with Defendants' immunity claim. (*See Weiss v Fote*, 7 NY2d 579 (N.Y. 1960].) Yet, Plaintiff will likely claim (as she has *ad nauseum* in her letter seeking leave *as well as* her "proposed sur-reply"), that the installation of these guardrails "demonstrates" that: (1) Transit's study of Platform Screen Door alternatives (*i.e.*, platform safety systems generally) - - which spanned *decades* - - was somehow "not proper"; and (2) Transit's claim - - that it was infeasible to install different barriers at different locations - - is "not true" and/or is now somehow "directly contradicted. However, **Plaintiff already made this argument it in her 358-paragraph "Counterstatement of Facts."** (ECF Doc. No. 249 at ¶¶ 53 and 73) and submitted *photographs* of fixed guardrails at the Times Square Shuttle - - another station that is not at issue in this case. (*See id.* 53). **Therefore, fixed guardrails at stations *other than* the one at-issue in this case is not a "new issue" in the case**.

Plaintiff's failure to again mention these prior fixed guardrails, and the potential for fixed guardrails in the future, in her opposition brief is of no moment since they were obviously known to her (*see supra*). Therefore, Plaintiff waived the right to raise fixed guardrails to oppose Defendants' motion for summary judgment and as grounds for seeking leave to file a sur-reply. (*See Ohy Somayach/Joseph Tanenbaum Educ. Ctr. v. Farleigh Int'l Ltd.*, 483 F.Supp.3d 195, 206 n. 6 [S.D.N.Y. 2020]["Arguments not raised in a party's brief are deemed waived."].) As such, she should not be permitted to file her 8-page[2] supplemental brief, craftily styled as a sur-reply, for this one discrete issue which is not new or relevant. Moreover, plaintiff raising the issue now instead of in her opposition under the pretense of "new" facts, prevents Defendants' opportunity to respond.

---

[2] Even if a sur-reply is permitted, an 8-page brief, when Defendants' reply brief was 14 pages, is excessive.

**LANDMAN CORSI BALLAINE & FORD P.C.**

Hon. Frederic Block, U.S.D.J.
March 18, 2024
Page 4

### II. <u>Plaintiff motion for leave is procedurally improper and must be stricken.</u>

Notwithstanding the above, Plaintiff's motion is procedurally improper for numerous reasons. Plaintiff: (1) failed to bundle file the fully briefed motion papers (*see* Court's Individual Rules at ¶ 2(D)); (2) failed to cite the applicable rules under which she seeks relief; *and* (3) improperly places discovery issues[3] before the Court without first seeking: (a) a motion to reopen discovery; or (b) *any* relief from the Magistrate Scanlon who over saw discovery.

The most prejudicial procedural blunder, however, is the fact that Plaintiff *has improperly submitted to the court the document she seeks leave to file.* (*See e.g.*, *Sec. and Exch. Commm. v Xia*, 2022 WL 2784871 [E.D.N.Y. 2022].)

In *Xia, supra*, the defendant filed a sur-reply simultaneously with papers seeking leave to do so, resulting in plaintiff's motion to strike. District Judge Chen, in denying defendant's application and striking the sur-reply held:

> "the party seeking to submit reply papers should submit an informal request in writing . . . [in advance of filing its sur-reply]," to avoid "placing the [sur-reply] before the court, [and] thereby reducing the question of whether the [sur-reply] should be accepted for filing to relative unimportance."

*Id.* at *1, *quoting United States v Int'l Bus. Machines Corp.*, 66 F.R.D. 383, 384-385 [S.D.N.Y. 1975]. Significantly, the Court noted that the defendant "failed to show that [the plaintiff's] reply went beyond 'address[ing] issues [the defendant] raised in [their opposition paper]s" (*Id.* at *2, *quoting ABR/JB, Corp. MCY III, Inc.*, 299 F.Supp.2d 110, 116 [E.D.N.Y. 2004]), and that they "dedicated much of their sur-reply to restating arguments they had already raised" (*Id.*).

Plaintiff's motion and "sur-reply" is no different. Plaintiff failed to show that Transit's reply went beyond addressing issues that Plaintiff raised in her opposition papers. Moreover, Plaintiff barely makes *any* reference to Transit's reply (except to note an argument that also appeared in Transit's moving papers). Moreover, most of Plaintiff's motion papers (and 8-page "proposed sur-reply") are dedicated to attacking the adequacy of Transit's study of platform barriers - - ***the same argument she made in her already lengthy opposition papers***. (*See Xia*, at *2, *quoting* IBM, 66 F.R.D. at 384 ["repetition of arguments made in prior submissions will not be condoned and is scurrilously to be avoided"].)

---

[3] *See, e.g.*, ECF Doc. NO 255 at pp. 3-4 (suggesting Defendants have violated "their continuing obligation under Rule 26(e)"); *but see* Magistrate Scanlon 1/23/23 text order: "The parties may not serve post-deposition demands or the proposed deficiency letter that had not yet been served when the letter at [216] was submitted. ***More than five years of litigation about a single accident and tens of thousands of pages, even possibly hundreds of thousands of pages, of discovery are enough***." [Emphasis added.]

**Landman Corsi Ballaine & Ford p.c.**

Hon. Frederic Block, U.S.D.J.
March 18, 2024
Page 5

 For the foregoing reasons, Plaintiff's motion should be denied, and Defendants' motion should be granted.

        Respectfully submitted,

        *Andrew P. Keaveney*

        Andrew P. Keaveney

cc: All Counsel (via ECF)