# ROTH & ROTH, LLP
192 LEXINGTON AVENUE, SUITE 802, NEW YORK, NEW YORK 10016
ROTHANDROTHLAW.COM T: (212) 425-1020 F: (212) 532-3801

March 27, 2024

**VIA ECF**
Hon. Frederick Block
Senior United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

     Re:    *Da Silva* v. *NYCTA, et al,* 17-cv-4550 (FB)(VMS)

Dear Judge Block:

     My firm is co-counsel for Plaintiff in the above matter. I write to request a pre-motion conference regarding Plaintiff's anticipated motion to certify as frivolous Defendants' interlocutory appeal on the issues of "governmental function" and "qualified" immunity. ECF 261. Crucially, because the anticipated appeal is frivolous, it does not divest this Court of jurisdiction**.** Plaintiff therefore respectfully requests that the Court allow these proceedings to continue despite Defendants' filing of any notice of appeal, as further delay would inflict substantial prejudice on Plaintiff, who has awaited a trial date since suffering catastrophic injuries nearly nine years ago.

    **I.   Defendants' Governmental Immunity Appeal Is Frivolous**

     Defendants' appeal from the denial of governmental immunity (also referred to as absolute or "government function" immunity) is patently frivolous. As Your Honor recognized in the March 6, 2025 decision (ECF No. 260), "for the past century, New York state courts have consistently held that operating the subway system is a proprietary function," not a governmental one. *Id*. at 7. In line with this well-settled law, the Court "adheres to the holdings of New York courts that the operation of the subway system is a proprietary function" and thus ruled that the NYCTA and MTA "are not entitled to government function immunity." *Id*. at 8. This principle stems from over a century of precedent, from the Court of Appeals' pronouncement in 1909 that "the subway is a business enterprise of the city…built by and belongs to the city as a proprietor, not as a sovereign," *Matter of Bd. of R.T. R.R. Comm'rs. of N.Y.C.*, 197 N.Y. 81, 96 (1909), through modern cases reaffirming that "transportation ... constitutes a proprietary function when performed by a governmental entity (such as the TA)." *Martinez v. N.Y.C. Transit Auth.*, 203 A.D.3d 87, 93 (1 Dept 2022).

     Unable to overturn a century of crystal-clear New York precedent, Defendants evidently hope the Second Circuit will "certify" the question to the Court of Appeals, mirroring *Ferreira v.*

*City of Binghamton*, 975 F.3d 255 (2d Cir. 2020). But *Ferreira* addressed a genuinely unsettled state-law issue concerning the "special duty" doctrine, prompting the Second Circuit to seek authoritative guidance. Here, by contrast, there is no ambiguity. The Second Circuit does not routinely certify questions simply because the parties disagree; certification is reserved for "exceptional cases" with no clear controlling precedents. *See McCarthy v. Olin Corp.*, 119 F.3d 148, 153–54 (2d Cir. 1997); *DiBella v. Hopkins*, 403 F.3d 102, 111 (2d Cir. 2005). Indeed, federal courts must not "shift[] the burdens of this Court to [the state court]," *McCarthy*, 119 F.3d at 153 (quoting *Dorman v. Satti*, 862 F.2d 432, 435 (2d Cir. 1988)), when "sufficient precedents exist" to predict how the Court of Appeals would rule. *See also Pahuta v. Massey-Ferguson, Inc.*, 170 F.3d 125, 134–35 (2d Cir. 1999) (declining certification where intermediate state court rulings provided adequate guidance). There is no unsettled question here: New York has spoken decisively for over a century that subway operations are proprietary, so there is nothing for the Court of Appeals to clarify. Hence, Defendants' plan to pursue certification is plainly without merit and would only delay these proceedings further.

## II.     Defendants' Qualified Immunity Appeal Is Outside Second Circuit Jurisdiction

Defendants' appeal challenging the denial of qualified immunity is similarly frivolous, and, in fact, the Second Circuit lacks jurisdiction to review it. An interlocutory appeal of a qualified immunity rulings is only permitted if it turns on an issue of law. *Nat'l Rifle Ass'n of Am. v. Vullo*, 49 F.4th 700, 712 (2d Cir. 2022). "If a district court's qualified immunity decision turns on questions of evidence sufficiency alone (i.e., which alleged facts a party may, or may not, be able to prove at trial), it is not immediately appealable." *Id.* (internal quotations and citations omitted).

This Court denied Defendants qualified immunity because it found "genuine disputes of material fact" regarding whether the NYCTA and MTA had a "reasonable basis" for failing to install safety measures like platform barriers (PSDs) and track-intrusion devices (TIDs). ECF No. 260 at 9. The record shows competing expert and documentary evidence as to the feasibility of these measures. *Id*. at 8–10. That factual dispute places the ruling squarely outside the scope of an interlocutory appeal, as "a public official may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995). In other words, there is no pure legal question to review; the dispute concerns evidence sufficiency. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985), likewise teaches that denial of qualified immunity is immediately appealable only to the extent it turns on a question of law, not facts. Because Defendants' purported appeal hinges on factual disagreements, the Second Circuit cannot entertain it.

## III.    This Court Retains Jurisdiction Despite Defendants' Frivolous Appeal

Because the anticipated appeal is frivolous, it does not divest this Court of jurisdiction to proceed with the case. The Supreme Court has long recognized that a frivolous interlocutory appeal on immunity grounds does not strip the district court of its authority. *See Behrens v. Pelletier*, 516 U.S. 299, 310–11 (1996). Courts in this Circuit have likewise applied what is commonly termed the "dual jurisdiction" rule, under which "the filing of an appeal under the collateral order doctrine respecting a right not to be tried divests the district court of jurisdiction to proceed with the trial [against the appealing defendant] unless the district court certifies that the appeal is frivolous."

*Carroll v. Trump*, 687 F. Supp. 3d 394, 404 (S.D.N.Y. 2023), quoting *New York v. Locke,* No. 08-CV-2503 (CPS) (RLM), 2009 WL 2413463, at *3 (E.D.N.Y. Aug. 3, 2009) (second and third alterations in original) (emphasis added) (citation omitted); see also, e.g., *Davis v. City of New York*, No. 12-CV-3297 (PGG), 2018 WL 10070503, at *1 (S.D.N.Y. Dec. 14, 2018) ("The Supreme Court has approved the 'dual jurisdiction' approach as an appropriate method to deal with frivolous interlocutory appeals. *Behrens v. Pelletier*, 516 U.S. 299, 310, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996). Accordingly, this Court must determine whether [defendant's] appeal [(including of the denial of qualified immunity)] is frivolous."); *Garcia v. Bloomberg*, No. 11-CV-6957 (JSR), 2012 WL 3127173, at *1 (S.D.N.Y. July 27, 2012) ("An interlocutory appeal, *unless frivolous*, generally divests the district court of jurisdiction respecting the issues raised and decided in the order on appeal ....") (emphasis added); *In re World Trade Ctr. Disaster Site Litig.*, 469 F. Supp. 2d 134, 137 (S.D.N.Y. 2007) ("I hold, following full consideration of Defendants' arguments, that their notice of appeal is legally ineffective to divest the district court of its jurisdiction."); *City of New York v. Beretta U.S.A. Corp.*, 234 F.R.D. 46, 51-53 (E.D.N.Y. 2006) (Weinstein, J.).

Moreover, even setting aside frivolousness, the filing of a notice of appeal ordinarily "divests the district court of its control over those aspects of the case involved in the appeal," *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982), but not over unrelated issues. *See In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007). Here, Defendants are not appealing the portion of the Court's decision denying summary judgment on the negligence claim against Train Operator Shabazz; thus, that claim will proceed to trial in any event. Given the clear lack of merit in Defendants' broader immunity arguments, any notice of appeal should not freeze the entire litigation. See *Carroll*, 88 F.4th at 432 (noting that the divestiture rule "is not a per se rule" and is grounded in "the interest of judicial economy"). This case is nearly nine years old, and Plaintiff would be severely prejudiced by yet another unwarranted delay. The Court should certify any such appeal as frivolous and retain jurisdiction to move this matter toward trial.

## Conclusion

For the foregoing reasons, Plaintiff seeks leave to move for an order certifying Defendants' anticipated appeal as frivolous and confirming that this Court retains jurisdiction to proceed to trial. Plaintiff is prepared to file a formal motion promptly. We respectfully request that the Court schedule a pre-motion conference or endorse a briefing schedule at its earliest convenience. Given the already inordinate delay, Plaintiff urges the Court to preclude any further postponement and maintain jurisdiction so that this matter may proceed to trial.

Thank you for the Court's consideration of this request.

Respectfully submitted,

~//s//~
Elliot Shields

cc:    All parties via ECF