UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
LUISA JANSSEN HARGER DA SILVA,

              Plaintiff,

    - against -                                17-cv-04550(FB)(VMS)

NEW YORK CITY TRANSIT AUTHORITY,
METROPOLITAN TRANSPORTATION
AUTHORITY, and RAQIA SHABAZZ,

              Defendants.
-------------------------------------------------------X

---

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS

---

LANDMAN CORSI BALLAINE & FORD P.C.
Attorneys for Defendants
120 Broadway, 13th Floor
New York, NY 10271
(212) 238-4800

Of Counsel:
    Andrew P. Keaveney, Esq.

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................. 1

FACTUAL HISTORY ............................................................................................................... 1

ARGUMENT ............................................................................................................................. 3

CONCLUSION ........................................................................................................................ 10

4914-2895-8518v.1

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bolmer v Oliveira*,
  594 F.3d 134 [2d Cir. 2010].............................................................3, 4, 8

*Carroll v Trump*,
  687 F.Supp.3d [SDNY 2023].............................................................3, 4

*Christiansburg Garment Co. v Equal Employment Opportunity Com.*,
  434 U.S. 412 (1978).............................................................9

*Friedman v State of New York*,
  67 N.Y.2d 271 [NY 1986].............................................................8

*Gray v Fidelity Investment*,
  2022 WL 1503925 [NDNY].............................................................4

*Harlow v Fitzgerald*,
  457 U.S. 800 [1982].............................................................6

*Hilmon v Hyatt Int'l*,
  899 F.2d 250 [3d. Cir. 1990].............................................................4

*Kistner v City of Buffalo*,
  2023 WL 21219 [WDNY].............................................................4, 5

*Mitchell v Forsyth*,
  472 U.S. 511 [1985].............................................................6, 8

*Neitzke v Williams*,
  490 U.S. 319 [1989].............................................................9

*Rohman v New York City Tr. Auth.*,
  215 F.3d 208 [2000].............................................................8, 9

*In re Siemon*,
  421 F.3d. 167 [2d Cir. 2005].............................................................4

*Streamline Prod. Sys., Inc. v. Streamline Mfg., Inc.*,
  851 F.3d 440 [5th Cir. 2017].............................................................4, 9

*Turturro v City of New York*,
  28 NY3d 469 [NY 2016].............................................................6

ii

*U.S. v Punn*,
  737 F.3d 1 [2013]................................................................................................8

*Urquhart v City of Ogdensburg*
  91 NY 67 [NY 1883] ..........................................................................................7

*Weiss v Fote*,
  7 NY2d 579 [1960] .........................................................................................5, 7

*In re World Trade Center Disaster Litigation*
  521 F.3d 169 [2d Cir. 2008]..............................................................................7

iii

Defendants New York City Transit Authority, Metropolitan Transportation Authority, and Raquia Shabazz respectfully submits this memorandum of law in opposition to Plaintiff's motion for an order certifying Defendants' interlocutory appeal as frivolous. For the reasons set forth below, and for the reasons omitted by plaintiff, the motion must be denied.

### Preliminary Statement

Defendants' interlocutory appeal is frivolous because the Second Circuit may affirm the lower court's order – so says plaintiff. The District Court, at the pre-motion conference advised the parties of its inclination to agree, and suggested the plaintiff deserves her day in Court. However, if the District Court is the gatekeeper to an interlocutory appeal and can take away a substantial right of a party by replacing its decision for that which belongs to the Second Circuit, then it has turned itself into a first-tier appellate court, something that federal rules and this Circuit do not permit.

What is frivolous? Plaintiff does not say. It certainly cannot be based on sympathy and the desire to provide plaintiff her day in court, as it would potentially force Defendants to defend a claim that should not be presented to a jury. Plaintiff will likely retort that the non-appealable (at this stage) negligence claim will nevertheless be tried, so what difference does it make? However, the difference is significant and belongs to the appellate court to decide.

### Factual History

This Court is familiar with the parties, facts, and claims. On August 2, 2016, plaintiff Luisa Janssen Harger DaSilva ("Harger"), who personally attended the routine pre-motion conference regarding this application, was waiting for a northbound "B" subway train at the Atlantic Ave. - Barclays Center station when she fainted and fell backwards onto the tracks in front of an oncoming train. Train Operator (TO) Shabazz saw the plaintiff falling and immediately put the

1

train in brakes in emergency but was unable to stop before contacting Harger. As a result, plaintiff sustained, *inter alia*, partial amputations of her left arm and left leg.

Plaintiff's August 2, 2017 complaint (ECF Doc. No. 1) alleges four causes of action. Count 1 alleges the train operator failed to prevent the train from striking plaintiff by either operating the train outside the posted speed restriction, failing to observe plaintiff on the track, or failing to apply the emergency brake in a timely manner. Count 2 alleges defendants were negligent in failing to install platform edge barriers to prevent customers from failing onto the track. Count 3 alleges the defendants failed to install "intrusion technology" that would have warned the train operator that plaintiff was on the tracks prior to striking her. Finally, Count 4 alleges deficiencies with the station and train's lighting and the train's brakes. Defendants, in their answer, asserted affirmative defenses, including immunity and the application of the emergency doctrine.

Discovery relating to the negligence claim was largely complete by the end of 2019. However, that was just the secondary claim. At the heart of discovery (and plaintiff's case) was Defendants' immunity defenses, although it was initially contemplated by Magistrate Scanlon that the issue would be briefed for early motion practice, to "see if [the claim] goes away" (ECF Doc. No. 101 at 22). Unfortunately, immunity discovery lasted an additional four years resulting in numerous depositions and the production of hundreds of thousands of documents.

On November 6, 2023, Defendants moved for summary judgment on the grounds that: (1) they are immune from suit based on governmental and qualified immunity, and (2) plaintiff cannot demonstrate that Defendants negligently operated or maintained their train. The motion was fully submitted by the end of March 2024 (ECF Doc. Nos. 242-254). A year later, on March 6, 2025, the court, in a 13-page order (4 pages which dealt with plaintiff's request to file a sur-reply), denied

2

Defendants' motion as to counts 1, 2 and 3 but granted Defendants' motion as to count 4. (ECF Doc. No. 260).

The District Court denied the governmental immunity claim on the grounds that their operation of the subway system is a proprietary function and therefore not entitled to governmental function immunity. In denying the qualified immunity claim, the District Court held that underlying facts are in dispute, specifically regarding an offer by the Seoul Metropolitan Rapid Transit Corporation Authority to install platform screen doors (PSDs) under a 30-year build-operate-transfer agreement and that a jury ought to resolve those factual disputes. Absent from the decision is any discussion, which the plaintiff advances on her instant motion, that Defendants' immunity claim only goes to immunity from damages and not immunity from suit, the former which is not subject to an interlocutory appeal. (*Id.*)

Defendants timely filed its appeal of the District Court's denial of its immunity claim (ECF Doc. No. 261) based on the collateral order doctrine that gives the appellate court jurisdiction over such interlocutory appeals (*see Bolmer v Oliveira*, 594 F.3d 134, 140 [2d Cir. 2010]). Defendants did not, and could not, appeal the Court's denial of summary judgment as to the negligence claim. Plaintiff's application followed a few hours later.

## Argument

The extraordinary nature of the plaintiff's requested relief is evident by the dearth of precedent on the issue. Plaintiff's sole citation to *Carroll v Trump*, 687 F.Supp.3d [SDNY 2023], and the copied footnote (which addressed dual jurisdiction, and not frivolous appeals) to support their argument is misplaced, as *Carroll* determined the defendant's motion for a stay pending an appeal.

3

*Carroll* did not define "frivolous" or even analyze the requirements to grant the motion at issue herein.  The Second Circuit has, however, defined frivolous as "lack[ing] an arguable basis either in law or in fact" (*In re Siemon*, 421 F.3d. 167, 169 [2d Cir. 2005], *citing Neitzke v Williams*, 490 U.S. 319, 325 (1989["an appeal on a matter of law is frivolous where none of the legal points are arguable on their merits']).  The Fifth Circuit has more precisely addressed the issue and has "articulated a high standard for what constitutes a frivolous appeal, holding that an appeal is frivolous only 'if the result is obvious or the arguments of error are wholly without merit' and the appeal is taken 'in the face of clear, unambiguous, dispositive holdings of this and other appellate courts'" (*Streamline Prod. Sys., Inc. v. Streamline Mfg., Inc.*, 851 F.3d 440, 463 n.12 [5th Cir. 2017]).

However, Courts have been "reluctant to classify appeals as frivolous, so that novel theories will not be chilled and litigants advancing any claim or defense which has a colorable support under existing law or reasonable extension thereof will not be deterred" (*Hilmon v Hyatt Int'l*, 899 F.2d 250, 253 [3d. Cir. 1990]).  Regardless, the anticipated arguments to be presented on appeal are meritorious.

An interlocutory appeal from an order denying immunity is proper under the collateral order doctrine and grants the appellate court jurisdiction.  (*See Bolmer v Oliveira*, 594 F.3d 134, 140 [2d Cir. 2010]).  Plaintiff's motion seeks to have the District Court simultaneously assert its jurisdiction over that of the Second Circuit.  However, "the Second Circuit has not yet bestowed its blessing on this practice" (*Gray v Fidelity Investment*, 2022 WL 1503925, *2 [NDNY].  Indeed, in *Kistner v City of Buffalo*, 2023 WL 21219 [WDNY], the plaintiff sought the same relief plaintiff seeks herein.  In denying plaintiff's motion to certify the appeal as frivolous, the court held:

> Kistner argues that because this Court found that the defendants' qualified immunity defense hinges on questions of fact, it should certify the defendants'

4

appeal as frivolous. But because the Second Circuit has not endorsed the dual jurisdiction rule, this Court declines to do so. While the Court understands Kistner's eagerness to proceed to trial, it remains bound by the general rule that an appeal "divests the district court of its control over those aspects of the case involved in the appeal," *see Griggs*, 459 U.S. at 58, and leaves the question of appellate jurisdiction to the Second Circuit.

*Id*. at *4.

As such, there is no basis for this Court to decide whether the Second Circuit has jurisdiction to hear Defendants' appeal.[1]

Even if the District Court puts on the noble hats of a Second Circuit panel and tackles their jurisdictional boundaries, there is no basis for finding appellate jurisdiction does not lie. Indeed, this court, in its March 6, 2025 decision, held that governmental immunity is immunity from suit, and not a defense to damages by stating "'if the municipality's action fall in the proprietary realm, it is subject to suit under the ordinary rules of negligence applicable to nongovernmental parties.' *Applewhite*, 21 N.Y.3d at 435." *See* ECF Doc. 260 at p. 6.

Plaintiff nevertheless argues that New York Court of Appeals precedent regarding the proprietary nature of the operation of the subway makes any contrary claim meritless. (The New York Court of Appeals, in *Weiss v Fote*, 7 NY2d 579, 585-6 [1960], has also held that "[t]o accept a jury's verdict as to the reasonableness and safety of a plan of governmental services and prefer it over the judgment of the governmental body which originally considered and passed on the matter would be to obstruct normal governmental operation and to place in inexpert hands what the Legislature has seen fit to entrust to experts," but the District Court's decision ignores *this* precedent).

---

[1] Plaintiff apparently agrees, as she recently filed a (procedurally questionable) motion to dismiss the appeal in the Second Circuit, making this application superfluous.

It is for the appellate court to decide if the District Court rejected precedent when it failed to "examine the specific act or omission out of which the injury is claimed to have arisen and the capacity in which that act or failure to act occurred" when assessing whether the plaintiff's claim regarding platform screen door and other devices (as opposed to the alleged negligent operation of the subway train) was a governmental or proprietary functions (*Turturro v City of New York*, 28 NY3d 469 [NY 2016]).  It should be noted that the District Court never announced an issue of fact regarding the governmental immunity claim.

The crux of plaintiff's motion is, however, that the Defendants' qualified immunity claim is merely an affirmative defense as to liability, and not immunity from suit (which the District Court, at the pre-motion conference, prematurely announced its preference for without the benefit of opposing papers).  Such a claim ignores established precedent and misinterprets applicable case law.

The Supreme Court has acknowledged that "public policy mandates an application of the qualified immunity standard that would permit the defeat of insubstantial claims without resort to trial" (*Harlow v Fitzgerald*, 457 U.S. 800, 814 [1982]).  The reason is clear:

> it cannot be disputed seriously that claims frequently run against the innocent, as well as the guilty -- at a cost not only to the defendant officials, but to society as a whole. These social costs include the expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office. Finally, there is the danger that fear of being sued will "dampen the ardor of all but the most resolute, or the most irresponsible public officials, in the unflinching discharge of their duties.

> *Id*. (internal citations omitted).

Plaintiff claims that because qualified immunity is an affirmative defense that must be plead, it is a liability defense instead of immunity from suit (Plaintiff's Memorandum at p. 3).  The Supreme Court, however, disagrees (*see Harlow*, 457 U.S. at 815; *see also Mitchell v Forsyth*, 472

U.S. 511, 526 [1985]["a defendant pleading qualified immunity is entitled to dismissal before commencement of discovery" since "the entitlement is an immunity *from suit* rather than a mere defense to liability"][emphasis in original]).

Plaintiff's reliance on *In re World Trade Center Disaster Litigation* (521 F.3d 169 [2d Cir. 2008]) is also misplaced, as the Court decided whether New York State Defense Emergency Act ("SDEA") and the New York State and Local Natural Disaster and Man-Made Disaster Preparedness Law ("Disaster Act") provide immunity from liability or immunity from suit. The Court held it "need only consider the statutory language, *if any*, of each defense, and the cases construing the defense" (*Id.* at 182 [emphasis added]). In doing so, the court held that the plain language of the SDEA and Disaster Act limited the defendant to immunity from liability, but not from suit (*Id.* at 186).

However, when considering matters without statutory guidance, such as this, the Court looks at the "cases construing the defense." When done, an opposite result is warranted. Indeed, in *Weiss v Fote* (7 NY2d 579, 588 [1960]), The New York Court of Appeals held:

> the city's defense which we here sustain rests not on any anachronistic concept of sovereignty, but rather on a regard for sound principles of government administration and a respect for the expert judgment of agencies authorized by law to exercise such judgment. In the area of highway safety, at least, it has long been the settled view, and an eminently justifiable one, *that courts should not be permitted to review determinations of governmental planning bodies under the guise of allowing them to be challenged in negligence suits.*

(Emphasis added.)

The *Weiss* court relied upon *Urquhart v City of Ogdensburg* (91 NY 67, 71 [NY 1883]) which held that "[t]he rule is well settled that where power is conferred on public officers or a municipal corporation to make improvements, such as streets, sewers, etc., and keep them in repair, the duty to make them is quasi judicial or discretionary, involving a determination as to their

7

necessity, requisite capacity, location, etc., and for a failure to exercise this power or an erroneous estimate of the public needs, ***no civil action can be maintained***" (emphasis added).

Subsequent case law has supported this interpretation.  In *Friedman v State of New York*, 67 N.Y.2d 271, 283 [NY 1986], the Court of Appeals held that a municipality's duty to keep its streets in a reasonably safe condition "is measured by the courts with consideration given to the proper limits on intrusion into the municipality's planning and decision-making functions."  "To accept a jury's verdict as to the reasonableness and safety of a plan of governmental services and prefer it over the judgment of the governmental body which originally considered and passed on the matter would be to obstruct normal governmental operations and to place in inexpert hands what the Legislature has seen fit to entrust to experts" (*Id*. at 283-4).  Indeed, "something more than a mere choice between conflicting opinions of experts is required . . . ." (*Friedman*, 67 NY2d at 286, *citing Weiss*, 7 NY2d at 588.  The District Court's decision is contrary to this precedent and effectively denies Defendants immunity from suit by forcing it to trial (*see e.g. Mitchell*, 472 U.S. at 526).

An appeal, however, maintains the status quo until the immunity issue can be resolved.  It is not disputed that an interlocutory denial of qualified immunity is immediately appealable under the collateral order doctrine (*Bolmer*, 594 F.3d at 140).  "To fall within the scope of the collateral order doctrine, and order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separated from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment" (*U.S. v Punn*, 737 F.3d 1, 5 [2013]).  "So long as the defendant can support an immunity defense on stipulated facts, facts accepted for purposes of the appeal, or the plaintiff's version of the facts that the district judge deemed available for jury resolution, the appellate court has jurisdiction" (*Rohman v New York City Tr. Auth.*, 215 F.3d 208,

8

214 [2000][internal citation omitted]).  The "district court's mere assertion that disputed factual issues exists is not enough to preclude an immediate appeal" (*Id*. at 215.)

Of course, even if the appeal is ultimately unsuccessful, such a result would not constitute a frivolous appeal (*see Neitzke*, 490 U.S. at 329).  As the Supreme Court held in *Christiansburg Garment Co. v Equal Employment Opportunity Com.*, 434 U.S. 412 (1978):

> it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Id*. at 441-2.

Similarly, the District Court cannot base its decision on what the Second Circuit may ultimately decide.  The issue for this court, if it is even permitted, is whether the "the arguments of error are wholly without merit" (*Streamline Prod. Sys., Inc., supra*).  Clearly, based on the above, there is precedent to proceed.  The remaining arguments are for the Second Circuit to decide.

9

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny plaintiff's

motion in its entirety, and grant such other and further relief as this Court deems just and proper.

Dated: April 29, 2025

Respectfully submitted,

LANDMAN CORSI BALLAINE & FORD P.C.

By:    _____

Andrew P. Keaveney
Attorneys for Defendants
120 Broadway, 13th Floor
New York, NY 10271
(212) 238-4800
akeaveney@lcbf.com

To:    Sonin & Genis
Counsel for Plaintiff
One Fordham Plaza, Suite 907
Bronx, NY 10458
(718) 561-4444

Roth & Roth, LLP
Co-Counsel for Plaintiff
192 Lexington Avenue, Suite 802
New York, NY 10024
(212) 425-1020

4914-2895-8518v.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
LUISA JANSSEN HARGER DA SILVA,

            Plaintiff,

       - against -                              Case No.: 17-cv-04550(FB)(VMS)

NEW YORK CITY TRANSIT AUTHORITY,
METROPOLITAN TRANSPORTATION
AUTHORITY, and RAQIA SHABAZZ,

            Defendants.
------------------------------------------------------X

## **CERTIFICATE OF SERVICE**

I, Andrew P. Keaveney, certify that on April 29, 2025, a copy of Defendants' Memorandum

of Law in Opposition to Plaintiff's Motion for an Order Certifying Defendants' Interlocutory

Appeal as Frivolous was served via electronic mail upon the following counsel of record:

| | |
|---|---|
| Roth & Roth, LLP | Sonin & Genis |
| Co-Counsel for Plaintiff | Co-Counsel for Plaintiff |
| 192 Lexington Avenue, Suite 802 | One Fordham Plaza, Suite 907 |
| New York, NY 10024 | Bronx, NY 10458 |
| (212) 425-1020 | (718) 561-4444 |
| eshields@rothandrothlaw.com | bob.genis@soningenis.com |
| droth@rothandrothlaw.com | |
| aroth@rothandrothlaw.com | |

                                  Landman Corsi Ballaine & Ford P.C.

                                  _____
                                  Andrew P. Keaveney
                                  Attorneys for Defendants
                                  120 Broadway, 13th Floor
                                  New York, NY 10271
                                  (212) 238-4800

Dated: April 29, 2025

11