**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

---

LUISA JANSSEN HARGER DA SILVA,

                      Plaintiff-Appellee,

-against-

NEW YORK CITY TRANSIT AUTHORITY,
METROPOLITAN TRANSPORTATION
AUTHORITY, AND RAQIA SHABAZZ,

                      Defendants-Appellants.

**DECLARATION OF PETER THOMAS**

Docket No. 25-727

---

      Peter S. Thomas declares under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following is true and correct:

      1.      I am the principal attorney of Peter S. Thomas, P.C., 108-18 Queens Boulevard, 5th Floor, Forest Hills, New York 11375. I was lead trial counsel in *Pedraza v. New York City Transit Authority, et al.* (Index No. 159366/2013) and *Martinez v. New York City Transit Authority, et al.* (Index No. 153421/2017), which were tried jointly to a verdict in Supreme Court, New York County.

      2.      Because I tried both actions, I am fully familiar with the pleadings, trial record, and all exhibits admitted in those matters.

      3.      I submit this declaration in support of Plaintiff-Appellee's motion to dismiss the instant appeal as frivolous. In *Pedraza* and *Martinez*—cases involving plaintiffs who were struck by trains while on the tracks—the New York City Transit Authority ("NYCTA") raised the same

governmental-function and *Weiss v. Fote* qualified-immunity defenses it asserts here. Those defenses were treated as fact questions and were submitted to the jury.

4. Annexed hereto as Exhibit 1 is a true and correct copy of the May 7, 2025 verdict sheet that was provided to the jury. The writing on the verdict sheet was my contemporaneous recording of the jury's verdict as it was read in the Courtroom. I intending to get the signed copy of the verdict sheet this week. Question 5 required the jury to decide whether NYCTA had proven that it was reasonable for the NYCTA to rely on its system wide analysis to determine the speed policy southbound at the spring street station. Question 6 required the jury to answer whether the New York City Transit Authority proved it had satisfied its continuing duty to review its speed policy plan in light of its actual operation at the Spring Street Station. The jury answered "No" to both, confirming that their system wide analysis failed to qualify as an adequate study. Therefore their plan lacked any reasonable basis on the issues before the jury. Further consistent with New York precedent—Qualified immunity for the policies and design of the New York City Subway System is a fact based defense to liability, not jurisdictional bars to suit.

5. As reflected on the Supreme Court's docket in *Pedraza* (Index No. 159366/2013, NYSCEF Doc. No. 621), NYCTA itself submitted proposed verdict sheets containing the same immunity questions, further demonstrating that the Authority understood those issues to be determined by the finder of fact.

May 11, 2025

Peter S. Thomas