# ROTH & ROTH, LLP
192 LEXINGTON AVENUE, SUITE 802, NEW YORK, NEW YORK 10016
ROTHANDROTHLAW.COM T: (212) 425-1020 F: (212) 532-3801

November 8, 2025

**VIA ECF**
Hon. Frederick Block
Senior United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

    Re:    *Da Silva* v. *NYCTA, et al,* 17-cv-4550 (FB)(VMS)

              Plaintiff's *Revised* Proposed Special Interrogatories

Dear Judge Block:

    Plaintiff apologizes profusely for any inconvenience caused by submitting plaintiff's proposed Jury Interrogatories that inadvertently omitted questions with respect to the specific subway station herein. Plaintiff respectfully submits the following revised proposed special interrogatories for the jury regarding the Defendants' affirmative defense of qualified immunity, based on *Turturro v. City of New York*, 28 N.Y.3d 469 (2016). **Plaintiff respectfully requests that the Court please disregard our prior submissions and consider this submission in its place.**

    A closer review of the *Turturro*, *id*., indicates that the law requires posing these factual questions as to both the general, system-wide hazard and the specific, station-level hazard. Furthermore, because the evidence at trial has distinguished between the TA's system-wide failures and its specific failures at the Atlantic Avenue/Barclays Center station, we have posed these questions to address both the general (system-wide) and specific (station-level) omissions, as required by our reading of the case law.

    To that end, our enclosed revised verdict sheet now presents the jury with questions that track both prongs of the *Turturro* analysis: first, the *adequacy* of any study and plan (Questions 7, 9, 10, 11, 13, 15), and second, the "unjustifiable *delay*" in those same actions (Questions 8, 12, 14, 16). We have also revised Questions 7 through 16 to present these (a) station-specific and (b) general/system-wide distinctions for the jury.

1

     As these interrogatories are part of Plaintiff's Proposed Special Verdict Sheet, a full copy of the complete *and revised* verdict sheet is attached. Additionally, the proposed questions related to qualified immunity, questions 7-16, are attached as a stand-alone submission.

     We respectfully note that the language and logical progression of these interrogatories (Questions 7-16) are designed to track the specific elements required by the Court of Appeals for Defendants to prove entitlement to their affirmative defense of qualified immunity defense in this context. This framework was established in *Turturro v. City of New York*, 28 N.Y.3d 469 (2016), which holds that a municipal entity is not entitled to qualified immunity if, after being made aware of a hazard, its study is "inadequate" **or** it "**delays**" implementing a remedial plan. *Id*. at 480. The questions also track *Turturro*'s holding that the Authority is "under a **continuing duty to review** its plan in the light of its actual operation" and take further corrective action if the plan proves ineffective. *Id.* 486.

     We thank the Court for its time and consideration.

                                              Respectfully submitted,

                                              ~//s//~
                                              Elliot Shields