**Timothy J. Collazzi**
Member

tcollazzi@lcbf.com

**New Jersey Office**
One Gateway Center
22nd Floor
Newark, NJ 07102

P: 973.623.2700
F: 973.623.4496

**Delaware Office**
300 Delaware Avenue,
Suite 210
Wilmington, DE 19801

P: 302.268.6433
F: 302.514.6505

**New York Office**
120 Broadway
13th Floor
New York, NY 10271

P: 212.238.4800
F: 212.238.4848

**Pennsylvania Office**
One Penn Center
1617 JFK Boulevard, Suite 955
Philadelphia, PA 19103

P: 215.561.8540
F: 215.988.1215

lcbf.com

# Landman Corsi Ballaine & Ford P.C.

November 10, 2025

<u>*Via ECF*</u>
Hon. Frederic Block, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Harger Da Silva v. NYCTA, et al.*
            <u>Docket No. 17-cv-04550 (FB) (VMS)</u>

Dear Judge Block:

      As you know, this office represents Defendants New York City Transit Authority, Metropolitan Transportation Authority, and Raqia Shabazz ("Defendants") in the above-mentioned matter. Defendants are forced to write this letter in response to Plaintiff's untimely and improper weekend submission providing her "revised" interrogatories relating to Defendants' qualified immunity defense. (<u>See</u> ECF at 318).

      Plaintiff's ***twenty*** interrogatories should be summarily rejected by the Court. First, some of her proposed interrogatories seek conclusions of law *not* findings of fact on the issue of Defendants' qualified immunity. Second, her proposed interrogatories are confusing and convoluted. Most fatal to her proposal, however, is the fact that her interrogatories are not based on the law that governs this case. Indeed, Plaintiff readily admits that she has crafted her interrogatories after reviewing <u>Turturro v. City of New York</u>, (28 N.Y.3d 469 [2016]) - - *a highway/roadway design case* where a plaintiff alleged the City should have implemented measures to reduce the overall speed of the roadway. This case is different. As plaintiff's counsel has repeatedly said, this case is unique and the first of its kind and, as such, does not follow the facts of a roadway design case.[1]

                                        Respectfully submitted,

                                        /s/ *Timothy J. Collazzi*

                                        Timothy J. Collazzi

cc:    All counsel of record (via ECF)

---

[1] Similarly, the Court would not submit interrogatories to this jury based on a § 1983 cause of action solely because the defendant asserts a qualified immunity defense.