# ROTH & ROTH, LLP
192 LEXINGTON AVENUE, SUITE 802, NEW YORK, NEW YORK 10016
ROTHANDROTHLAW.COM T: (212) 425-1020 F: (212) 532-3801

November 16, 2025

**VIA ECF**
Hon. Frederick Block
Senior United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

  Re: *Da Silva* v. *NYCTA, et al,* 17-cv-4550 (FB)(VMS)

Dear Judge Block,

  Plaintiff respectfully requests an order directing Defendants to redact all portions of Defendants' Exhibits A, B, D, G, H, I, J, and K that contain double hearsay—specifically, out-of-court statements made by Defendant Shabazz, repeated by third-party NYCTA personnel in written reports, and now offered by Defendant Shabazz for the truth of the matter asserted. These embedded statements are inadmissible because no hearsay exception applies at either level, as required by Federal Rule of Evidence 805.

  I. **Defendant Exhibits All Contain Double Hearsay With No Applicable Exception**

Plaintiff previously provided Defendants with highlighted versions of each report identifying the hearsay statements that must be redacted, but Defendants refused to consent. The exhibits at issue include the highlighted statements attributed to Shabazz in:

  **Exhibit A – Hearsay to be redacted**

  "Train Operator Raqia Shabazz #809087 stated that as she was pulling into the station, she observed the aided fall backwards from the northbound platform onto the roadbed. She tried to put the train in "brakes-in-emergency" but was unable to do so before the lead car #5148 came in contact with the customer."

  **Exhibit B – Hearsay Statement to Be Redacted**

  "M/S and RCI interviewed the Train Operator, who reported that the customer fell backwards from the platform onto the roadbed. The Train Operator stated that upon seeing the customer fall, she applied the emergency brake via the brake valve."

1

**Exhibit D – Two Hearsay Statements to Be Redacted**

"T/O R. Shabazz stated to me that as her train was entering Atlantic Avenue–Barclay Center, she saw a female fall backwards into the roadbed and she immediately placed her train into emergency but came into contact with the person. T/O Shabazz stated she immediately notified the Rail Control Center and followed their directions. T/O Shabazz stated there were no reported injuries due to the brakes in emergency."

…

"There is no culpability on the part of the train operator and she should be returned to full duty pending the results of the incident test."

**Exhibit G – Hearsay Statement to Be Redacted**

"T/O Shabazz told me that she put the train's brake into emergency by placing the brake handle in the emergency position, when she saw a female customer fall backwards onto the track."

**Exhibit H – Handwritten Statement by Shabazz (Transcribed)**

"I was the 18:48 Boro out of Brighton Beach to 145 St. As I approached Atlantic Avenue, a female customer fainted from the platform and fell to the roadbed. I placed the train in emergency, but came in contact with the person. RCC was notified, EMS was requested, and I followed RCC's instructions. There were no other reported customer injuries due to the BIE."

**Exhibit I – Hearsay Statement to Be Redacted**

"At 2158 hours, Train Operator Shabazz stated that while entering Atlantic Avenue, as the train approached the conductor's position, a female customer fainted and fell backwards onto the tracks. She placed the train's brakes in emergency, but the train came to a stop after the first car passed the customer."

**Exhibit I – Hearsay Statement to Be Redacted**

Illegible statement about "how the incident occurred."

**Exhibit I – Entire report is inadmissible hearsay**

This is a cleaning report about the station condition on the day of the accident, which contains only inadmissible hearsay statements of an employee of defendants.

Each of these documents contains a third-party NYCTA supervisor or employee repeating what Shabazz allegedly said about the incident ("T/O Shabazz stated to me…," etc.), other than Exhibit H, which is a hearsay statement by Defendant Shabazz herself, and Exhibit I,

2

which is a report containing hearsay statements of a third party NYCT employee. Because the statements are being offered by Defendant Shabazz to prove their truth, they are inadmissible hearsay within hearsay.

## II. Defendant Cannot Introduce Her Own Out-of-Court Statements for Their Truth

Even if the underlying reports qualified as business records (they do not, because they contain narrative statements attributing fault), Defendant Shabazz still cannot introduce her own statements contained within those reports.

Federal Rule of Evidence 801(d)(2)(A) allows an opposing party to introduce the statements of the adverse party. It does not authorize a party to introduce its own prior statements. Courts in this Circuit are unequivocal:

- "Rule 801(d)(2)(A) … does not apply when a party seeks to introduce its own statements." *United States v. Davis*, No. 24-CR-192 (WFK), 2025 WL 1201983, at *5 (E.D.N.Y. Apr. 25, 2025).
- "When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible." *United States v. Yousef*, 327 F.3d 56, 153 (2d Cir. 2003) (quoting *United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982)).

Thus, Shabazz cannot introduce her own after-the-fact statements simply because they were handwritten (Exhibit H) or transcribed by her colleagues (Exhibits A, B, D, G, I, J, and K).

## III. Federal Courts Routinely Exclude Double Hearsay in Agency Reports

Courts in this Circuit have long recognized that agency and police reports frequently contain double hearsay: the document itself constitutes one level of hearsay, and the statements recorded within it constitute a second. Under Federal Rule of Evidence 805, each level must independently fall within a hearsay exception before the evidence may be admitted. See *United States v. Carneglia*, 256 F.R.D. 384, 392 (E.D.N.Y. 2009) (holding that "reports contain double hearsay," and that "double hearsay is admissible if each level of hearsay satisfies a hearsay exception"); *Hardy v. Adams*, 654 F. Supp. 3d 159, 172 (N.D.N.Y. 2023) (same, quoting *Carneglia*); *United States v. Bortnovsky*, 879 F.2d 30, 34 (2d Cir. 1989) (requiring a hearsay exception for "both the report and the third-party statements contained therein").

Consistent with these principles, federal courts routinely exclude or disregard statements embedded in police, investigative, or transit-agency reports when the proponent cannot satisfy Rule 805's dual requirements. See *Little v. Cnty. of Nassau*, 708 F. Supp. 3d 252, 264–65 (E.D.N.Y. 2023) (excluding inmate interview notes containing third-party statements because the proponent "offers no reason why she should be able to rely on the hearsay statements," and collecting cases applying *Carneglia* and *Bortnovsky*); *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 169–70 (2d Cir. 2014) (affirming refusal to consider a document at summary judgment because it contained "inadmissible hearsay—an out-of-court statement that [plaintiff] would rely on to show the truth of the matter asserted"); *United States v. Scali*, No. 16-cr-466 (NSR), 2018 WL 604852, at *3 (S.D.N.Y. Jan. 29, 2018), aff'd, 820 F. App'x 23 (2d Cir. 2020) (holding that

third-party statements in law-enforcement notes were inadmissible hearsay); *Brown v. Pagan*, No. 08 Civ. 8372 (RWS), 2010 WL 1430702, at *1 (S.D.N.Y. Apr. 8, 2010) (declining to admit statements in a police report absent a hearsay exception).

These authorities make clear that a party may not use an internal agency report as a conduit to introduce otherwise inadmissible statements to the jury. Where the proponent fails to establish a hearsay exception for the embedded statement, courts routinely order the document excluded or redact the impermissible portions. The case law is explicit that a report memorializing a witness's or employee's out-of-court assertion cannot circumvent the rules of evidence. See, e.g., *Delaney*, 766 F.3d at 169–70; *Carneglia*, 256 F.R.D. at 392.

**IV.   Application to This Case: All Highlighted Statements Must Be Redacted**

This body of law squarely governs the NYCTA exhibits at issue. Each highlighted passage contains an NYCTA employee's written account of what Defendant Shabazz purportedly told them about the incident, Shabazz's own out of court statement about the incident, or third party statements about the station condition (Exhibit I). The reports themselves constitute hearsay, and the recounted statements attributed to Shabazz constitute a second, independent layer of hearsay. There is no applicable hearsay exception to either layer—nor could they, as Rule 801(d)(2)(A) expressly prohibits a party from introducing its own out-of-court statements for their truth. See *United States v. Davis*, No. 24-cr-192 (WFK), 2025 WL 1201983, at *5 (E.D.N.Y. Apr. 25, 2025) ("Rule 801(d)(2)(A) … does not apply when a party seeks to introduce its own statements."); *United States v. Yousef*, 327 F.3d 56, 153 (2d Cir. 2003) (quoting *United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982)) ("When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible.").

Because Defendants cannot satisfy Rule 805's requirement that each level of hearsay fall within an exception—and because Rule 801(d)(2)(A) prohibits the admission of a party's own statements—the statements at issue are inadmissible. Under this controlling precedent, the highlighted portions of the NYCTA reports must be redacted before the jury is permitted to see these exhibits.

Thus, even if the NYCTA documents were admissible business records, Shabazz's statements inside them must still be excluded because she is attempting to introduce them for their truth.

Respectfully submitted,

~//s//~
Elliot Shields

4