UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LOUISA JANSSEN HARGER DA SILVA,
                Plaintiff,

  -against-

NEW YORK CITY TRANSIT
AUTHORITY, METROPOLITAN
TRANSPORTATION AUTHORITY,
AND RAQIA SHABAZZ,

                Defendants.
-----------------------------------------------------------------x

**VERDICT**
Case No. 17-CV-4550 (FB)

## I. LIABILITY

1.
   a. Was Raqia Shabazz negligent?

        YES ✓   NO ____

   *If you answer YES, please answer Question 1.b.*

   b. Was that negligence a proximate cause of the accident?

        YES ✓   NO ____

2.
   a. Was the Transit Authority negligent?

        YES ✓   NO ____

   *If you answer YES, please answer Question 2.b.*

   b. Was that negligence a proximate cause of the accident?

        YES ✓   NO ____

*If you answered "NO" to Questions 1.a or 1.b __and__ Questions 2.a or 2.b, your verdict is complete. Please have your foreperson sign and date this form and return to the courtroom. Otherwise, proceed to Question 3.*

## II. AFFFIRMATIVE DEFENSES

3.
   a. Was the Plaintiff negligent?

      YES_____   NO __✓__

*If you answer YES, please answer Question 3.b.*

   b. Was the Plaintiff's negligence a proximate cause of the accident?

      YES_____   NO_____

*If you answered "YES" to Questions 3.a and 3.b, please answer Question 4. If you answered "NO" to Questions 3.a or 3.b, skip to Question 5.*

4. What percentage of fault is attributable to:

| | |
|---|---|
| Defendant Shabazz | 0.01 % |
| Defendant Transit Authority | 99.99 % |
| Plaintiff | 0 % |
| TOTAL: | 100% |

*Proceed to Question 5.*

5. Please answer the following questions:

   a. As of August 2, 2016, did the Transit Authority study the issue of persons falling onto the tracks and being hit by trains?

      YES_____   NO __✓__

*If you answered "YES" to Question 5.a, please answer Questions 5.b-5.d. If you answered "NO," skip to Questions 6-9.*

   b. Was the study adequate?

      YES_____   NO_____

   c. Did the Transit Authority's decision not to install platform edge barriers or track intrusion devices (TIDs), as of August 2, 2016, have a reasonable basis?

      YES_____   NO_____

   d. As of August 2, 2016, did the Transit Authority regularly review its decision in light of actual operations?

      YES_____   NO_____

*Proceed to Questions 6-9.*

### III. DAMAGES

6. What amount will fairly and justly compensate the plaintiff for medical expenses reasonably certain to be incurred in the future?

    $ 10,000,000.00   (ten million)

    The above award is intended to provide compensation for future medical expenses over  50  years.

7. What amount will fairly and justly compensate the plaintiff for lost future earning capacity?

    $ 1,700,000.00   (one point seven million)

    The above award is intended to provide compensation for lost earning capacity over  50  years.

8. What amount will fairly and justly compensate the plaintiff for past physical pain and suffering and mental, emotional, or psychological distress; and loss of, or reduction in, the ability to enjoy life?

    $ 20,000,000.00   (twenty million)

9. What amount will fairly and justly compensate the plaintiff for future physical pain and suffering; mental, emotional, or psychological distress; and loss of, or reduction in, the ability to enjoy life?

    $ 50,000,000.00   (fifty million)

    The above awarded is intended to provide compensation for future non-economic damages over  50  years.

*Your verdict is complete. Please have your foreperson sign and date this form and return to the courtroom.*

November 20th, 2025
Brooklyn, New York

FOREPERSON  /s/ Joseph Maissel
Juror #5