UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

Luisa Janssen Harger Da Silva,                    Case 1:17-cv-04550-FB-VMS

               Plaintiff,

      against

New York City Transit Authority,
Metropolitan Transportation Authority,
and Raqia Shabazz,

               Defendants.
-------------------------------------------------------X

## PLAINTIFF'S FIRST REQUEST FOR
## PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff, Luisa Janssen Harger Da Silva ("Plaintiff"), requests that Defendants, New York City Transit Authority, Metropolitan Transportation Authority, and Raqia Shabazz (collectively "Defendants"), produce the documents requested herein for the purposes of inspection and copying within thirty days after service hereof, in accordance with the instructions and definitions below.

## INSTRUCTIONS

For the purposes of these requests, the following instructions and definitions shall apply:

A.      You are required to obtain and furnish all information available to you and any of your representatives, divisions, employees, agents, brokers or servants and to obtain and furnish all information that is in your possession or under your control, or in the possession or under the control of any of your representatives, employees, agents or servants.

B.      Each request which seeks information relating in any way to communications from or within a business or corporate entity, is hereby designated to demand and should be construed to include all communications by and between representatives, employees, agents, executives, investigators or servants of the business or corporate entity.

C.      Each request should be responded to separately. However, a document, which is responsive to more than one request, may, if the relevant portion is marked or indexed, be produced and referred to in a later response.

D.      Pursuant to FED. R. CIV. P. 34(b), all documents produced shall be segregated and identified by the paragraphs to which they are primarily responsive. Where required by a paragraph of this Request, documents produced shall be further segregated and identified as indicated in this paragraph. For any documents that are stored or maintained in files in the normal course of business, such documents shall be produced in such files, or in such a manner as to preserve and identify the file from which such documents were taken.

E.      If any document responsive to these requests is withheld based on a claim of privilege or other protection, for each such document: (1) identify the withheld document--including its general subject matter, its date, its author and its addressee; (2) state the privilege or other grounds for withholding the document; and (3) state the factual basis for the claim in sufficient detail so as to permit an adjudication of the validity of the claim.

F.      If any document responsive to these requests is withheld based on a claim of security, safety or any other governmental protection, for each such document: (1) identify the withheld document--including its general subject matter, its date, its author and its addressee; (2) state the grounds for withholding the document; and (3) state the factual basis for the claim in sufficient detail so as to permit an adjudication of the validity of the claim.

G.      If you object to part of any request, please furnish documents responsive to the remainder of the request.

H.      All documents produced in response to this Request shall be produced in whole, notwithstanding that portions thereof may contain information not requested.

I.      If any documents requested herein have been lost or destroyed, the documents so lost or destroyed shall be identified by author, date and subject matter.

J.      With respect to any document requested which was once in your possession, custody or control, but no longer is, please indicate the date the document ceased to be in your possession, custody or control, the way it ceased to be in your possession, custody and control and the name and address of its present custodian.

K.      This request is continuing in nature and requires a continuing duty to promptly supplement the production with documents obtained after the preparation and filing of a response to each request.

L.      Unless otherwise indicated, each request is to be construed as encompassing all documents that pertain to the stated subject matter.

M.      All references or date of the incident are referring to August 2, 2016.

N.      You are required to search all locations for documents which includes portals, share drives, archives of meeting notes, each different department that assessed the issues raised in these requests for either public safety or financial cost analysis.

O.      If records responsive to any request have previously been exchanged whether in part or in whole identify by Bates Number what Bates numbers are responsive to which requests.

If there are legends, document maps, guides or indexes that are applicable to any answers herein

2

that pertain to any of the produced records then Defendants must produce those as well.

## DEFINITIONS

1.   All definitions and rules of construction set forth in Federal Rules of Civil Procedure shall apply to all requests for documents herein.

2.   The terms "You", "Your" and "Yourself" as used herein, shall mean and refer to the Defendants and their agents, employees, servants, representatives, officers, directors, affiliates, advisors, attorneys, predecessors and successors in interest and all other persons acting or purporting to act on their behalf.

3.   The term "Person" or "Persons" as used herein, shall include without limitation any natural person or business, legal or governmental entity or association.

4.   The term "Document" or "Documents" as used herein shall include, without limitation any written, typed, printed, recorded, graphic, computer generated or other matter of any kind from which information can be derived, whether produced, reproduced or stored on paper, cards, tape, film, electronic facsimile, computer storage devices (such as computer discs or hard drives), computer-generated electronic mail ("e-mail") that is in your actual or constructive possession, custody or control, or the existence of which you have knowledge and, whether prepared, published or released by you or any other person. It includes, without limitation, any binder, cover note, certificate, letter, correspondence, memorandum, book, record, table, chart, exhibit, index, analysis, graph, schedule, report, evaluation, test, study, note, list, appointment book, diary, log, calendar, telex, facsimile, message, bulletin, questionnaire, bill, purchase order, contract, memorandum of contract, agreement, assignment, blueprint, drawing, diagram, application, license, permit, ledger, ledger entry, book of account, check, order, invoice, receipt, statement, financial data, acknowledgement, proposal, budget material, information contained in, on or retrievable from computer hard drives, information contained in, on or retrievable from computer-generated electronic mail systems ("e-mail"), computer or data processing card, computer or data processing disk or diskette, zip file, computer-generated matter, computer back-up tapes, off site backup including cloud storage,  photograph, photographic negative, audiotape, cassette tape, phonograph recording, transcript or log of such recording, projection, videotape, film, microfiche, motion, petition, complaint, answer, response, reply, protest, verified statement, hearing transcript, attachment, filing submission, pleading and all other data compilations from which information can be obtained or translated, reports and/or summaries of investigations, drafts and revisions of drafts of any documents and original preliminary notes or sketches, no matter how produced or maintained, notations of conversations, notations of public meetings, test in its raw form as preserved on the transit's intranet  notations of telephone calls, notations of any other type of communications, information contained in any computer although not printed out, whether in machine readable or other form, meeting notes, any information kept on a transit portal, share drive or any other media. The term "Document" or "Documents" as used herein shall also include each copy that is not identical to the original and the

preliminary drafts of any document or working paper related thereto. To the extent that any of the within demands identifies the types of documents this is solely to aid defendants in their searches and should be considered in addition to the definition herein and not limit the definition of "document" as described herein in anyway,

5.      The term "produce" means to produce in the document's native format and includes Electronically Stored Information ("ESI"). ESI should be produced in its native format. This means that a document which was originally created as a Microsoft Word file or an Excel spreadsheet should be produced as a .doc, .docx or .xls file (or its successor). E-mails should be produced in .pst file format, and with the full header accessible and readable, or in the SEC format that has been approved for the format of ESI production.

6.      The term "Relating to" as used herein shall mean consisting of, referring to, describing, discussing, constituting, evidencing, containing, mentioning, concerning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed.

7.      The term "And" as used herein shall be construed to mean "Or" and the term "Or" as used herein shall be construed to mean "And" when necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

6.      The term "Each" as used herein shall be construed to mean "All" and the term "All" as used herein shall be construed to mean "Each" when necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

7.      The use of the singular shall include the plural and the use of the plural herein shall include the singular.

8.      The use of the masculine form of any word herein shall include the feminine and the use of the feminine form of any word herein shall include the masculine.

9.      The term "Communication" as used herein shall mean the transmission of information (in the form of facts, ideas, inquiries or otherwise).

10.     The term "Transit" "Transit Authority", "NYCTA", "TA" or the "MTA" should be understood to apply to all municipal entities sued herein.

11.     The term "Operator" refers to Raqia Shabazz.

12.     The term "incident" refers to the time, place and event of August 2, 2016 where the Plaintiff was struck by a New York City Subway.

4

13.     The subject "subway" or "subject subway car" refers the subway car, consist and or train that was involved in this incident.

14.     The term subject station refers to the station, track and platform area for the "B" and "Q" lines at the Atlantic Avenue – Barclays center station.

## DOCUMENTS REQUESTED

**Request No. 1:**

Produce documents that refer, relate or pertain to the incident, and/or the incident investigation, videos, photographs, all communications,  reports, records, event data recordings, and audio recordings, or any other electronic records created related to the incident or the investigation of the incident.

1 A. Produce all documents, reports, spreadsheets, analysis and statistics created, recorded, and/or provided to internal departments of the defendants or to their oversight agencies, councils or boards, from the data collected from this incident.

1 B. Produce all documents to or from any oversight agencies relating to this incident.

**Request No. 2:**

To the extent not produced in response to request number 1 produce all documents, transcripts and recordings regarding this incident from the 6 wire system, EMS, all console recording, console to console recordings, communications between console to and from operator or any other persons at the scene, communications with FDNY and/or the 911 system and all other recordings, regarding this incident and the investigation of same.

**Request No. 3:**

Produce the Maintenance & Instruction Manual for the subject subway train and car that struck the plaintiff including the Brake Valve Operating Manual, braking system, service and emergency brake rate specifications and system diagrams.

**Request No. 4:**

Produce the Complete Operating Console Diagram and Instructions for the main operating handle (master controller) & braking system for the subject rail car.

**Request No. 5:**

Produce the RTO Instructors'/RCI Supervisor's Course and Manuals for the subject subway train and car.

**5 A.** Produce all documents including manuals, handbooks, guides, records for the event data recorder for this incident and for the subway train and car involved in this incident.

**Request No. 6:**

Produce documents of the NYCTA Inspection Reports at the subject station and platform for 3 years prior to and one week after the date of the incident.

**Request No. 7:**

Produce documents which depict and/or show track geometry for the subject station as well as for the previous station for the one mile leading up to the station including the track geometry car measurements in electronic and paper format with graphs and tabulations for the one mile leading up to the station and through the end of the subway station herein.

**Request No. 8:**

All station, platform and track maintenance repair records for the subject station for one year prior and 1 week post the date of the incident.

**Request No 9:**

Copies of all track signal, signage drawings showing placement of said signals and signs and their descriptions of the track from the previous station and to the end of the station herein, that were in place at the time of the incident, if there were changes after the incident produce those documents separately as well.

**Request No. 10:**

Produce documents of the maintenance and repair records for the subject subway car and train one year prior and 1 week post the date of the incident.

**Request No. 11:**

Produce documents that constitute, evidence, refer or pertain to New York City Transit Authority (NYCTA), Engineering Dept. Guidelines including the Station Planning Book pertaining to the subway station in which the incident occurred.

**Request No. 12:**

Produce documents that constitute, evidence, refer or pertain to the NYCTA Design Manuals and Engineering Drawings for Tracks, Signals, Signs and Stations, Subway Platforms in effect at the time of the incident, if there were any changes made to same after this incident produce those as well.

**Request No. 13:**

Produce documents that constitute, evidence, refer or pertain to the Rules & Regulations Governing Employees Engaged in the Operation of the NYC Transit System in effect at the time of the incident.

**Request No. 14:**

Produce documents that constitute, evidence, refer or pertain to the NYCTA Information and Instructions for the guidance of train operators and conductors engaged in operation of the subject subway train and car involved in the incident.

**Request No. 15:**

Produce documents, including but not limited to complaints, answers, discovery requests, discovery responses, deposition transcripts, motion papers and any supporting documents submitted in connection with motions and trial transcripts from any federal or state lawsuit or administrative action filed against Defendants by or on behalf of people who were struck by subway trains and cars for the entire period of time for which such records are kept and stored in electronic format.

**15 A**. To the extent that older records are not scanned or kept in some electronic format, then plaintiff requests Defendants inform plaintiff how far back said records are kept and Plaintiff will modify the demand accordingly.

**Request No. 16:**

Produce documents that constitute, evidence, refer or pertain to the Manufacturer's Operations and Emergency Braking Instructions and Specifications for the subject subway car and train.

**Request No. 17:**

Produce the documents of the Instructional manuals relating to Train Operators in effect on the date of the incident.

**Request No. 18:**

Produce documents that refer, contain or reflect the operating speed of subways entering the subject station and the speed at which the subway trains are supposed to begin braking.

8

Additionally, to the extent not contained in response to the previous requests, all documents that show the stopping distance of the subject train at all speeds measured when it is thrown into emergency.

**Request No. 19.**

All documents, studies, reports, memos, training manuals, data collected from other transportation systems, and correspondence that establish policy and/or recommend an appropriate speed a train should be traveling when entering a station and moving through the station.

**Request No. 20.**

Documents studies, reports, memos, manuals, specifications and correspondence that establish the appropriate jerk rate when operating a train in acceleration or deceleration.

**Request No. 21:**

Documents that refer, contain or reflect any information, studies, analysis, inspection reports, post incident or analysis or any other documents including video that pertain to the sight visibility, lighting, lumen studies, and the line of sight for this subway car and subway station when entering the subject station.

**Request No. 22:**

Documents pertaining to or reflecting Defendants' communications with others regarding this incident and this lawsuit. This should include Federal, State and Local Governmental agencies.

**Request No. 23:**

All video and photographs for the area of the scene of the incident from 1 hour prior to the incident through 24 hours post incident or until the investigation by defendants was

concluded. If there is no video, or photos, of either the event or the subsequent investigation then an affidavit of the person who searched for same, with the data bases and records reviewed prior to making the determination.

**Request No. 24:**

Documents, communications, online learning protocols, policies, manuals and procedures, statistics, meeting notes, safety analysis, reports and electronic documents (including but not limited to e-mails) relating and/or referring to the documenting and investigation of incidents where a train comes into contact with a person.

**Request No. 25:**

All studies, information, presentations, raw data, analysis of all incidents where trains hit people whether customers, employees, visitors, and/or contractors.

**Request No. 26:**

The portions of all System Safety Plans that pertain to the safe operation of stations, platforms, tracks and addresses the public, customers and passengers, or workers falling from the platform to the track bed or who were present on the track bed.

**Request No. 27**:

Documents supporting any affirmative defenses stated in defendants' answer.

**Request No. 28**:

The most recent customer contact train incident power point or report similar to the 2013 Customer Contact with Train Report including all drafts of said reports, all raw data that went into said reports, all communications and/or emails exchanged regarding said reports, any and all reports including but not limited to meeting notes where the reports were presented, preliminary reports, and all other similar

reports regarding the 2013 Customer Contact with Train Incident report exchanged by plaintiff prior to the rule 26 conference.

**Request No. 29**:

Documents regarding defendants' analysis, plans, raw data, financial analysis, safety studies, cost benefit analysis, technology analysis regarding subway platform edge safety and/or track intrusion identification technology for passengers and workers.

**Request No. 30**:

All documents regarding the financial analysis of installing platform edge doors and/or track intrusion identification technology for passengers and workers.

**Request No. 31**:

All documents, raw data, analysis, correspondence, communications, presentations, studies, communications meeting notes regarding each and every page of the Transit Authority document entitled customer contact – train incident MTA – report. Found on the internet at http://web.mta.info/mta/news/books/docs/customer-contact-w-train.pdf. As well as all subsequent reports to date.

**Request No. 32**:

Policy manuals, spreadsheets, procedures, protocols, raw data used to create page 2 of the document created by defendants known as the 2013 Customer Contact with Train Incident Report, including but not limited to the manner in which the defendants investigate, document, transmit information by and between different local, state and federal agencies and authorities, the manner in which the defendants track "struck by incidents", what the defendants deem to be a "struck by incident", the basis for a determination of what is an incident, and what is a suicide attempt.

**Request No. 33**:

11

All documents relating to and regarding the defendants' predictions, analysis, studies of serious injuries, amputations and deaths from 2002 to the present, this demand is continuing to the extent that during the pendency of this action additional studies and data are generated.

**33a**. All documents and records that show all the deaths, amputations or other injuries due to an injury on the tracks of the subway system as far back as Defendants keep said records electronically, and to the extent that some of these older documents are archived or kept in paper format, state when they began archiving said data and they can be accessed.

**Request No. 34**:

All documents relating to and relied upon in creating, writing, and analyzing data for any and MTA Customer Contact Train Incident reports.

**Request No. 35:**

All documents regarding financial analysis as to the costs associated with any and all methodologies considered by the defendants regarding implementing or exploring of all platform edge safety technologies and methodologies.

**Request No. 36**:

All documents, communications, studies, pamphlets, presentations, from any outside vendors regarding proposals for any and all safety technologies regarding platform edge safety.

**36A.** All documents, meeting notes, memorandum, communications regarding any such proposals.

**Request No. 37:**

Should Defendants claim that budgetary restrictions prevented them from installing the platform edge protection since it was considered, then provide proof of same

**Request No. 38**:

All documents for all meetings in which customer train contact incidents and statistics were addressed, discussed, considered, including, meeting notes, presentations, and where solutions for same were discussed.

**Request No. 39:**

All electronic mail regarding this incident, sent to, or received by, any witness you intend to call for deposition or at the trial of this matter.

**Request No. 40:**

Produce documents and electronic mail sent to, or received by, any witness that Plaintiff notices for deposition that are responsive to Plaintiff's Requests for Production of Documents.

**Request No. 41:**

Produce documents in the possession of or on email account or share drives, personal computers, laptops for all witnesses, and people identified in either parties Rule 26 disclosures, and if there is information that is contained in defendants archived or historical data, identify documents and location of same.

**Request No. 42:**

Produce documents in the possession of defendants, on email accounts, share drives, personal computers, laptops, servers, portals, historical archives for all studies, analysis, statistical data, regarding injuries and deaths resulting from people being contacted by subway trains.

**Request No. 43:**

Produce documents in the possession of defendants, on email accounts, share drives, personal computers, laptops, servers, portals, historical archives for all studies, analysis, statistical data, raw and data regarding the prevention and proposed or implements safety plans to prevent injuries and

deaths resulting from subway trains contacting people, including information and analysis of other transportation systems.

**Request No. 44:**

Produce documents in the possession of defendants, in paper format, on email accounts, share drives, personal computers, laptops, servers, portals, historical archives for all studies, analysis, statistical data, raw data, regarding tracking of separate injuries different types of people subway trains contacting people contact.

**Request No. 45:**

Produce documents in the possession of defendants, in paper format, on email accounts, share drives, personal computers, laptops, servers, portals, historical archives regarding news articles, interviews of transit employees, news articles regarding plans to prevent injuries and deaths resulting from subway trains contacting people, including information and analysis of other transportation systems.

**Request No. 46:**

Documents regarding, consisting of and pertaining to safety studies regarding the effectiveness of signs placed to reduce customer contact with train incidents.

**Request No. 47:**

Produce documents regarding studies, safety plans, meeting notes, safety concerns, safety solutions and proposals for overcrowding on subway platforms.

**Request 48:**

Produce documents of procedures, protocols and methods for investigating people contacted by train incidents and all training documents for the defendant's invesitgators

14

Dated:  New York, New York
        April 5, 2018

                                By:  *s/David A. Roth*
                                     David A. Roth,

                                Roth and Roth, LLP
                                192 Lexington Avenue, Suite 802
                                New York, New York 10016
                                Tel: (212) 425-1020

                                Charles Gershbaum
                                Gershbaum and Weisz, PC
                                192 Lexington Avenue, Suite 802
                                New York, NY 10016
                                Tel: (212) 385-2121
                                Charles@lawgw.com

                                ***Attorneys for Plaintiff***